## Commonwealth *v.* Sole et al., Appellants.

Argued September 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert F. Simone,* for appellants.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *John R. Graham,* First Assistant District Attorney, and *Paul R. Sand,* District Attorney, for Commonwealth, appellee.

. OPINION PER CURIAM, November 21, 1967:

Judgments of sentence affirmed, and the appellants are directed to appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with the sentences, or any part of them which had not been performed at the time the appeals were made a supersedeas.

———

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent.

Appellants were indicted and convicted of charges of burglary and conspiracy. During the summation to the jury, the assistant district attorney made the following remarks:

"Mr. Hughes: 'Now, from what has happened here, I am of the opinion that it is going to be argued to you that these men were never in that building, and that

no fingerprints were found; that the officer didn't see their faces and, therefore, while it's undenied that they were running from the doorway, but—'

"Mr. Simone: 'Excuse me. I have to object to that, your Honor. I move for the withdrawal of a juror. With respect to its being denied. The defendants have no duty to deny or admit anything.'

"The Court: 'No. Of course, that is correct. On the motion to withdraw a juror, I think it was inadvertent, and we will certainly instruct the jury now and formally later that the fact that none of the defendants took the stand would not in any way be used against them.'

. . .

"Later in the prosecutor's closing address the following occurred:

"Mr. Hughes: 'So that I don't know how they are going to explain their running or how they are going to explain the reason why they were there at 4:14.'

"Mr. Simone: 'If your Honor please, I have to renew my objection.'

"The Court: 'What did you say?'

"Mr. Hughes: 'Read it.'

"Mr. Simone: 'I don't think the jury should hear it again.'

"The Court: "Read it, please.'

"(The reporter read the record as follows:)

"'So that I don't know how they are going to explain their running or how they are going to explain the reason why they were there at 4:14.'

. . .

"The Court: 'We will overrule the motion, but we state, and I think the jury clearly understands, that the burden is upon the Commonwealth to prove every essential element of the crime charged beyond a reasonable doubt, and that there is no duty on the defendants to take the stand for any purpose or reason whatso-

ever. Their failure to do so cannot in any way be held against them by the jury on any question including this one.

"'All right, Mr. Hughes.'"

Comments that the Commonwealth's evidence is uncontradicted or undenied by the defense do not violate Section 10 of the Evidence Act of May 23, 1887, P. L. 158, §10, 19 P.S. 631. See *Commonwealth v. Morrison*, 180 Pa. Superior Ct. 121, 118 A. 2d 258 (1955). But where the focus of the comment is on the defendant's failure to testify, the comment has been held adverse under the Act and in violation of the United States Constitution. This issue was dealt with at length in our opinion of *Commonwealth v. Reichard*, 211 Pa. Superior Ct. 55, 233 A. 2d 603 (1967). In that case we stated that ". . . since such comments often serve only to prejudice the defendant's position by spotlighting his refusal to testify or deny charges against him, courts should exercise the greatest care to assure that no such comment could possibly raise such an inference." The cases of *Griffin v. California*, 380 U.S. 609 (1965) and *Chapman v. California*, 386 U.S. 18 (1967), prescribe further cautionary measures to be taken by courts and district attorneys when making any statements concerning defendants who have not taken the witness stand in criminal trials. In light of the *Reichard* decision and the recent United States Supreme Court cases, the above statements are violative of the defendant's constitutional rights against self-incrimination as well as the above statute proscribing such comment.

The fact that the judge made a cautionary instruction in his charge to the jury cannot correct the deeply imbedded inference of guilt arising out of the prior statements. When errors, such as this one, are ". . . materially detrimental and prejudicial to the defendant, the error cannot be cured by subsequent instruc-

tions to the jury." *Commonwealth v. Reichard,* supra. In *Reichard,* as here, rather than hazard an educated guess as to the effect of the statement on the jury when a man's liberty is at stake, justice demands that these defendants be given a new trial.

MONTGOMERY and SPAULDING, JJ., join in this dissent.