**UNITED STATES of America ex rel. Pasquale SOLE (H–7384), Appellant,**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, at Graterford, Pennsylvania.**

**No. 18528.**

United States Court of Appeals, Third Circuit.

Argued Sept. 29, 1970.

Decided Jan. 7, 1971.

Sidney Ginsberg, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Chief, Appeals Division, Philadelphia, Pa. (Martin Belsky, Asst. Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

GANEY, Circuit Judge.

This is an appeal from the denial by the United States District Court of appellant's petition for a writ of habeas corpus.

In order to have a full understanding of the factual circumstances here involved, it is necessary to set out in some detail the dates and times of certain occurrences.

On March 4, 1966, the appellant was found guilty in Quarter Sessions Court of Philadelphia County, following a trial without a jury, on two Bills of Indictment. The first Bill (No. 758) charged him with carrying a concealed deadly weapon and the second (No. 760) with burglary, larceny and receiving stolen

goods.[1] On the same day, after denying an oral motion for a new trial, the court imposed the following sentences: On Bill No. 758, not less than six months nor more than twenty-three months in prison, and on Bill No. 760, sentence suspended and the appellant placed on probation for a period of five years to commence at the expiration of the sentence on Bill No. 758. The court allowed appellant bail pending his appeal to the Pennsylvania Superior Court.

On July 1, 1966, the appellant withdrew his appeal from the above sentences and the trial court granted him a thirty-day reprieve as he alleged that his wife was ill and that his family was in very poor circumstances. Very generously, the court gave him a period of thirty days under Bill No. 758 in which to straighten out his affairs. However, on July 23, 1966, during this thirty-day reprieve, the appellant was arrested in Delaware County, Pennsylvania, and charged with burglary and conspiracy. At the end of the thirty-day reprieve, he began serving his six-month minimum sentence imposed under Bill No. 758 in the Philadelphia County Prison. On September 27, 1966, again pressing his family circumstances, the court granted him parole for a period of twenty-one months, which was the remaining time he would have served on the minimum sentence on Bill No. 758, and which was to expire on July 2, 1968. At the time the court granted this period of time it was unaware of the charges against the defendant of burglary and conspiracy in the Delaware County courts.

While on parole, on October 6, 1966, the appellant was convicted of the charges of burglary and conspiracy in the Delaware County courts and pending his appeal, he was allowed bail. Sometime in October of 1966, the appellant committed an offense in Montgomery County, Pennsylvania, on which the record is not clear. On November 21, 1967, the Delaware County conviction was af-

firmed in a per curiam opinion by the Superior Court, Commonwealth v. Sole, 211 Pa.Super. 263, 235 A.2d 625, and his bail was continued during his appeal to the Supreme Court. On December 19, 1967, while still on parole, he was arrested in Philadelphia, and charged with possession of burglary tools and held on bail for the Grand Jury, but he never reported this arrest to his parole officer, failure to so do being a parole violation. And on January 29, 1968, he was again arrested and during the time he was being held, a parole violation detainer was lodged against him. On February 10, 1968, the appellant's petition for an allowance to appeal from the decision of the Superior Court on the Delaware County conviction was denied by the Pennsylvania Supreme Court. Five days later he was given a hearing on the detainer for violating his parole, and the court, still unaware that appellant's conviction in the Delaware County Court had become final, continued the hearing until the Supreme Court of Pennsylvania acted on appellant's allocatur.

On April 3, 1968, appellant sought post-conviction relief in Quarter Sessions Court of Philadelphia County, in which he attacked the legality of his sentence on Bill No. 758, which was dismissed on June 11, 1968. In June of 1968, he filed an application to determine the maximum expiration date of his sentence on Bill No. 758 in the Quarter Sessions Court of Philadelphia, and at a hearing on this application on July 3, 1968, there was a consolidation of the previously continued hearing on the parole violation detainer because during the interim the court had learned of the finality of the Delaware County conviction. Having learned that the Delaware County court conviction had been finalized, the court revoked both the suspended sentence and probation on Bill No. 760 on the day it was to begin, July 3, 1968, and imposed forthwith a prison sentence from two to five years, effective Janu-

---

1. In Pennsylvania, the maximum prison sentence for the crime of burglary is 20 years (18 P.S. § 4901), and for each of the crimes of larceny and receiving stolen goods it is 5 years (18 P.S. §§ 4807 and 4817).

ary 29, 1968. This combined revocation of probation and sentencing proceedings were in open court, the appellant was represented by counsel of his own choosing and the proceedings were transcribed.[2] In a subsequently written opinion (December 9, 1968), the court stated that the appellant's commission of a crime in Delaware County, as well as several technical violations of probation, such as the failure to report an arrest and an admission to the court of a yet untried burglary charge, though committed prior to July 3, 1968, the beginning date of his probationary period on Bill No. 760, justified a revocation of the probationary sentence and the imposition of a jail sentence.

Early in August of 1968, the Court of Quarter Sessions executed an order certifying that the appellant's maximum sentence on Bill No. 758 expired on July 2, 1968, and directed the warden not to detain appellant as a parole violator on Bill No. 758, and stated that the order in no way affected the two-to-five year sentence appellant was serving on Bill No. 760. On August 5, 1968, the appellant appealed from the revocation of probation on July 3, 1968, and the imposition of the prison sentence, alleging their unconstitutionality. On February 7, 1969, the action of the court on July 3, 1968, was affirmed per curiam, Commonwealth v. Sole, 214 Pa.Super. 726, 249 A.2d 825, and on May 14, 1969, the appellant's petition for allocatur to the Supreme Court of Pennsylvania was denied per curiam.

On August 11, 1969, the appellant again sought post-conviction relief in the Philadelphia County Court of Common Pleas, alleging that he did not knowingly and intelligently waive his right to a jury trial on Bill No. 760, and after a hearing, the court denied the petition.

On August 22, 1969, appellant filed a petition for habeas corpus in the circumstances here involved in the United States District Court for the Eastern District of Pennsylvania, asserting that the revocation of his probation on July 3, 1969, violated his rights under the Due Process and Double Jeopardy provisions of the Federal Constitution, and on October 24, 1969, the appellant's petition was denied. In a memorandum opinion the court stated there was no probable cause for appeal. Appellant's petitions for rehearing and for a certificate of probable cause to appeal were also denied. His appeal from these denials was filed on November 25, 1969, and a certificate of probable cause was granted by this Court on February 18, 1970.

Appellant contends that the State Court's revocation of his suspended sentence and probation and the imposition of a substantial prison sentence more than two years after the expiration of the term of court for an offense committed before the probationary sentence began constituted double jeopardy under the Fifth Amendment[3] and also contravened the Due Process Clause of the Fourteenth Amendment.

The receipt of a probationary sentence is not a right guaranteed by the Federal constitution, but is a privilege granted through legislative grace. Escoe v. Zerbst, 295 U.S. 490, 492–493, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204 (1937). The Pennsylvania Legislature has conferred upon the State Courts the power, in its

---

2. In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Court held that the Sixth Amendment as applied through the Due Process Clause of the Fourteenth Amendment requires that counsel be afforded to a felony defendant in a post-trial proceeding for revocation of his probation and imposition of deferred sentencing whether it be labeled a revocation of probation or a deferred sentencing.

3. The double jeopardy prohibition of the Fifth Amendment is enforceable against the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Such enforceability is retroactive. Waller v. Florida, 397 U.S. 387, 391, n. 2, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

discretion, to place on probation a person found guilty of a criminal offense, except murder in the first degree.[4] The same courts are empowered to revoke probation and impose any sentence which could have been pronounced originally whenever the probationer shall violate the terms of his probation.[5] The revocation of a suspended sentence and probation followed by the imposition of a prison sentence does not subject a probationer to double jeopardy. Pollard v. United States, 352 U.S. 354, 359–361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1954); Dunn v. California Dept. of Corrections, 401 F.2d 340, 342 (C.A.9, 1968); Thomas v. United States, 327 F.2d 795, 797 (C.A.10, 1964), cert. den. 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051. Also see Commonwealth v. Vivian, 426 Pa. 192, 201, 231 A.2d 301 (1967).

Though the Constitution does not prohibit the discretionary exercise of the power to revoke probation, this does not mean that such discretion may be absolute. There are the familiar limits. The exercise of that discretion is invalid whenever there is a showing that it was motivated by arbitrary or capricious reasons. See Burns v. United States, 287 U.S. 216, 222–223, 53 S.Ct. 154, 77 L.Ed. 266 (1932). The same holds true when that exercise is invidiously discriminatory or the conditions imposed are grossly unreasonable.[6] However, appellant has not averred nor does the record show the existence of any of the above as a basis for the State Court's action. In fact, the state trial court revoked the probation for misrepresentation by the relator (then defendant) at the time of the imposition of the probationary sentence following Pennsylvania appellate court decisions authorizing such procedure.[7] See Commonwealth v. Meyer, 169 Pa.Super. 40, 82 A.2d 298 (1951); Commonwealth ex rel. Paige v. Smith, 130 Pa.Super. 536, 198 A. 812 (1938).

4. Act of August 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25. This section provides in part: "[T]he court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct *and that the public good does not demand or require the imposition of a sentence of imprisonment,* instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed." (Emphasis added.) Also see Act of June 19, 1911, P.L. 1055, § 1, as amended, 19 P.S. § 1051, and Act of May 10, 1909, P.L. 495, § 1, 19 P.S. § 1081.

5. Act of June 19, 1911, P.L. 1055, § 4. This statute does not require that the probation violation take place within the probationary period and the probation was revoked during such period.

6. An offer of probation in lieu of a substantial prison sentence upon defendant's agreement to forego his right to appeal his conviction (190 F.Supp. at 552–553) was held to be beyond the authority of the United States District Court in Worcester v. Commissioner of Internal Revenue, 370 F.2d 713, 718–719 (C.A. 1, 1966), opinion by Aldrich, C. J. The imposition, as a condition of probation, of the requirement that the probationer refrain from drinking was held to be unreasonable *if* expert testimony would establish that the probationer's alcoholism had destroyed his power of volition and prevented his compliance with such condition. Sweeney v. United States, 353 F.2d 10 (C.A. 7, 1965). Likewise, *if* the probationer is too poor to pay the fine on time and in the amount of the installment fixed by the court. United States v. Taylor, 321 F.2d 339 (C.A. 4, 1963).

7. The state court relied on the required determination by the state sentencing judge who places a defendant on probation that "he is not likely again to engage in a criminal course of conduct" (see footnote 4 above), and used this language:

"The Superior Court * * * [held] that the jail sentence was properly imposed because defendant induced probation fraudulently. 'A misrepresentation of one's intention or state of mind may amount to fraud * * * fraudulent representations which evidence a probation order are grounds for its revocation and the imposition of sentence, just as much as acts of a defendant subsequent to the order. * * *' 169 Pa.Superior at 44 [82 A.2d 298]."

We agree with the able district court judge that, since the state court found relator "had 'perpetrated a fraud upon the court,' * * * we find no violation of [relator's] constitutional rights."

On the Federal side, it has been held that the district courts have the authority to revoke the suspension of sentence and probation for acts done by a probationer after sentence and before the probation sentence was to run on unusual facts similar to those present here. Cline v. United States, 116 F.2d 275 (C.A.5, 1940); James v. United States, 140 F.2d 392, 394 (C.A.5, 1944); Longknife v. United States, 381 F.2d 17 (C.A. 9, 1967). See also, Davis v. Parker, 293 F.Supp. 1388, 1392 (D.C.Del.1968).

In view of this we fail to see how it would be violative of due process for a state court to exercise the same authority, even though it was exercised upon the heels of a judicially approved termination of an intervening twenty-one month parole period served by the appellant.

The order of the district court will be affirmed.