**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Javier TORREZ–FLORES,
Defendant-Appellant.**

No. 79–1155.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1980.

Decided May 22, 1980.

---

Charles Crutchfield, Beverly Peyton (Law Student), Notre Dame, Ind., for defendant-appellant.

Terry G. Harn, Asst. U. S. Atty., Peoria, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal from a probation revocation raises two issues, first, whether the trial judge violated Rule 11 of the Federal Rules of Criminal Procedure when he accepted a guilty plea from defendant-appellant who was Spanish speaking and did not understand English; and second, whether the court erred in revoking defendant's probation on the basis of his misrepresentation that he had no prior convictions. Because we hold that defendant may not collaterally

attack his underlying conviction at a probation revocation hearing, we do not reach the merits of defendant's Rule 11 claim. On the second issue, we conclude that the trial judge did not abuse his discretion in revoking defendant's probation because we find that the veracity of defendant's representation that he had no prior record was a condition of his probation, and that in any case, defendant had sufficient notice that his probation could be revoked if his representation was not truthful. Accordingly, we affirm.

## I

Defendant Javier Torrez-Flores was arrested on March 17, 1978 and charged with illegal transportation of aliens in violation of Title 8, Section 1324(a)(2) of the United States Code, 8 U.S.C. § 1324(a)(2). At the arraignment on April 3, an interpreter was provided because defendant could not understand English. The interpreter, Anthony Alee, was under oath to translate faithfully from Spanish to English and from English to Spanish. The transcript does not reflect the words spoken by Alee to the defendant in Spanish, or by the defendant to Alee, also in Spanish.

Defendant entered a plea of guilty in accordance with a plea agreement previously arrived at between himself and the United States Attorney at Peoria, Illinois. When asked if he understood and approved the agreement, including a special condition that the agreed-upon probation was contingent on defendant agreeing not to return to the United States illegally if he was deported by the Immigration and Naturalization Service, defendant replied in the affirmative. The court then described the rights which defendant would waive by pleading guilty and inquired as to whether defendant understood "all that." Defendant again answered in the affirmative. The judge asked if defendant had heard the elements of the offense alleged by the Government and if they were true. Defendant responded that they were.

Next the trial judge turned to the matter of a pre-sentence investigation which had not been ordered before that time. He questioned defendant about his background, and then asked whether defendant had any prior criminal record. Defendant replied in the negative. The judge asked defendant if he understood that if it was learned that he did have some prior criminal record his probation could be revoked. Defendant replied that he understood. The judge then asked defendant if he was telling the truth when he said that he had no record, and defendant said that he was.

The agreement was accepted by the judge who stated that "in keeping with the agreement" defendant was sentenced to five years probation on the usual conditions of probation with the further condition that if defendant was deported by the Immigration and Naturalization Service, he was not to return to the United States illegally during the term of probation. The judgment and probation/commitment order recited the special deportation condition contained in the plea agreement and stated that the defendant "shall comply with the general and special conditions of probation as set out in Form # 7. . . ." Form 7 contained the special condition that probationer have no prior record as well as the deportation special condition. Those special conditions were typed in English while the remainder of the form was in Spanish. Defendant signed Form 7 on the day of the arraignment.

On December 14, 1978, a petition for revocation of probation was filed with the district court and a warrant for defendant's arrest was issued. The special condition that defendant have no prior record was cited in an attendant report along with a copy of a FBI information sheet showing arrests and time spent in jail by an individual who had used several aliases but who was in fact the defendant. The report stated that two arrests had resulted in convictions. The petition for revocation enumerated the two conditions of probation, but inserted the word "arrest" before the word "record" to read "no prior arrest record."

At the probation revocation hearing, defendant's attorney stated that defendant

now admitted having a prior criminal record, but that defendant had understood the special condition attached to his probation to be no prior convictions for the crime of transporting illegal aliens rather than no prior convictions for any crime. There was conflicting testimony that defendant had told his probation officer that he had intentionally misrepresented his prior record for fear that he would otherwise be incarcerated or deported. In addition, there was testimony that at a different time, defendant said he misrepresented his prior record because his lawyer told him to do so. Interpreter Alee testified that he had been an interpreter for fifty or sixty defendants and that it was his practice to translate word for word exactly what the trial judge said. He also testified that when translating a statement of great importance, such as the probation being conditional on the veracity of defendant's representation, he asks not once but twice if the statement is understood. At the conclusion of the revocation hearing, the trial judge revoked defendant's probation. Defendant appeals from the revocation order.

## II

Defendant's first contention is that the district judge erred by failing to adhere to the requirements of Rule 11 of the Federal Rules of Criminal Procedure when he accepted defendant's guilty plea.[1] Rule 11 governs the use, acceptance, and rejection of pleas in the United States criminal justice system, and failure to follow its procedures may result in a new trial for the defendant. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). However meritorious this defendant's Rule 11 claim may be, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. In *United States v. Francischine*, 512 F.2d 827 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975), the court held that the validity of a conviction could not be asserted as a

defense in a probation revocation proceeding, and that a "district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside." *Id.* at 828. In that case, the defendant had contended that subsequent to his conviction the United States Supreme Court had held that the type of activity to which he pled guilty did not constitute an offense under the applicable statute. At the probation revocation proceeding, the district judge, faced with that attack on the original conviction, considered the merits and decided that the Supreme Court's decision had prospective effect only. He then revoked the defendant's probation because of a violation of the terms of the probation. On appeal of the revocation, the Fifth Circuit refused to consider the issue of the validity of the underlying conviction stating that the only issue before the court was whether there was a violation of the terms of the probation. This court has also stated as much:

> The inquiry of the court at such a [probation revocation] hearing is not directed to the probationer's guilt or innocence in the underlying criminal prosecution, but to the truth of the accusation of a violation of probation.

*Brown v. Warden*, 351 F.2d 564, 566–67 (7th Cir. 1965).

The practice of limiting probation revocation hearings, to the issue of the probation is explainable on the basis that a probation revocation hearing is not a formal trial. In a probation revocation hearing the power to revoke probation is discretionary as is the judge's initial decision to grant probation. The Federal Rules of Evidence do not apply except for the rules of privilege.[2]

> Evidence that would establish guilt beyond a reasonable doubt is not required . . . . Probably evidence rising to the level of substantial evidence is not even required, absent arbitrary and capri-

---

1. Specifically, defendant alleges violations of rule 11(c)(1), (3), (4), 11(d), 11(f), and 11(g).

2. *See* Rule 1101(d)(3) of the Federal Rules of Evidence.

cious action in the revocation. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. . . . On review, an action of the trial court revoking probation will not be disturbed in the absence of a clear showing of abuse of discretion.

A 28 U.S.C.A. § 2255 proceeding for challenging collaterally the validity of a federal conviction is, on the other hand, a formal procedure with all the usual accouterments of a civil trial. . . . The issues of fact will be resolved under the Federal Rules of Evidence, Rule 1101(e). There is no room for the exercise of that judicial discretion which is involved [in] . . . probation. The trial court's decisions are faced with the clearly erroneous and error of law standards of review applicable to other civil proceedings. The party with the burden of proof loses upon a failure to carry that burden.

*United States v. Francischine*, 512 F.2d 827, 829 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975) (citations omitted). We hold that defendant many not collaterally attack his underlying conviction at the probation revocation hearing, and thus we do not reach the merits of his Rule 11 claim. *United States v. Francischine, supra; United States v. Lustig*, 555 F.2d 751 (9th Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978).[3]

### III

Next defendant contends that the trial judge erred in several respects when he revoked defendant's probation on the basis of the misrepresentation as to his prior record.

 First, defendant argues that the record does not support a finding that he understood the questions concerning his prior

record. Defendant, who claimed at the revocation hearing that he had understood the trial judge to ask if he had any prior convictions for the crime of transporting illegal aliens rather than any prior convictions for any crime, asserts that in the absence of a verbatim translation of the conversation between the interpreter and defendant, there is no way to ascertain the defendant's level of understanding. We do not agree. Anthony Alee, the interpreter, had translated previously for fifty to sixty defendants and was under oath to translate faithfully. He testified that it was his practice to translate word for word exactly what was said. When asked about translating the court's question concerning defendant's understanding that his probation could be revoked if it was learned that he had a prior criminal record, Alee testified that after translating a statement of great importance, he asks a defendant twice if he understands what was said.

 The issue here is one of credibility. The trial judge was careful to inquire specifically as to whether the defendant understood both the question about a prior record and the possible consequences if he was not answering truthfully. At the revocation hearing, there was testimony that defendant when confronted with his prior record, gave not one but four different explanations at various times prior to and during the hearing. One explanation assertedly given by defendant to his probation officer in California and testified to by his probation officer in Chicago, was that he deliberately misrepresented his prior record in order to prevent incarceration and deportation. The second was that his lawyer told him to lie. The third and fourth explanations both concerned an alleged misunderstanding of the trial judge's question, but what he claimed he understood the judge to be asking differed. Issues of credibility are for the trier of fact to resolve, *United States v. Smith*, 571 F.2d 370 (7th Cir. 1978). The record in this case does not

---

**3.** In the instant case, defendant did not even challenge his underlying conviction at the probation revocation hearing, but has raised it for

the first time on this appeal. It is settled that we will not consider issues not raised in the trial court absent extraordinary circumstances.

support defendant's contention that the trial judge erred when he found that defendant's misrepresentation was deliberate. In addition, we note that the standard of proof required to revoke probation is far less stringent than that required to secure a criminal conviction. The court need only be "reasonably satisfied" and need not find by a preponderance of the evidence that a violation has occurred. *Id.* at 372.

■ Defendant also alleges that the revocation was improper because the veracity of his representation was not made a condition of his probation. We do not agree. According to defendant, in the course of time what began as one special condition relating to deportation became two special conditions, no illegal return if deported and no prior criminal record. Defendant points out that the trial judge did not specifically recite defendant's representation that he had no prior record as a condition of probation when he handed down the suspended sentence, although he did state the deportation special condition. Reference to the record makes clear that the judge was referring to the plea agreement which had been worked out between defendant and the United States Attorney prior to the arraignment when he said, "Accordingly, in keeping with the agreement, the Court will . . . grant probation . . . with the further condition . . that if deported . . ., he will not return to this country illegally during the term of probation."

The condition that defendant had no prior criminal record was discussed in connection with the lack of a pre-sentence investigation immediately before the judge made the statement quoted above. The judge agreed to grant probation without a presentence investigation on the basis of de-

fendant's representation that he had no prior record. However, he made clear that in doing so, he was reserving the right to revoke that probation if defendant was misrepresenting his prior record. The transcript of the arraignment shows that the judge asked defendant if he had a prior criminal record and that defendant stated that he did not. The judge then stated that defendant's probation could be revoked if he was not accurately representing his prior record. The judge specifically inquired if defendant understood that his probation could be revoked if he was misrepresenting when he said he had no prior record. Defendant stated that he understood. Finally, the judge asked one more time: "You're telling me the truth when you say you don't have any; is that correct?" Again, defendant replied affirmatively. On that basis, the judge granted probation without a presentence investigation. Although the judge did not use the word, "condition," he announced in open court that defendant's probation could be revoked if his representation was not accurate. We are persuaded that in so doing, the court made defendant's representation a condition of his probation.

■ Thus, while the plea agreement worked out prior to the arraignment had anticipated only one special condition, two conditions emerged from the arraignment. Only the condition from the plea agreement was spelled out in the judgment and probation/commitment order, but that order did state that "Defendant shall comply with the general and special conditions of probation as set out in Form # 7. . . ." It is not disputed that both conditions were listed in Form 7, the "no prior record" condition being listed first. Defendant signed that form on the day of the sentencing and thereby agreed to not one but two conditions of probation.[4]

4. Defendant points out that the two special conditions were typed on to the printed form in English while the rest of the form was in Spanish. Because it is apparently conceded that defendant could read Spanish, defendant must have known from reading the form that by signing it at the bottom he was agreeing to all the conditions contained therein. Therefore, he must have found a way to inform himself as to what those conditions were. At any rate, de-

fendant never stated at the revocation hearing that he was unable to understand what was written in Form 7.

Defendant also refers to the petition for revocation of probation submitted to the court after defendant's prior record was discovered, wherein the condition at issue was described as "no prior *arrest* record" (emphasis added). We fail to see how that misstatement prejudiced defendant, and defendant has not so informed us.

■ Even if we did not find the no prior record representation to be a condition, which we do, we would still affirm the revocation of defendant's probation on the basis of the Ninth Circuit's reasoning in *United States v. Dane*, 570 F.2d 840, 844 (9th Cir. 1977):

> As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal [notice] is not essential for purposes of notice. . . . [W]here the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning. . . . Of course, where the warning is not contained in a formal condition, the record must be closely scrutinized to determine whether the defendant did, in fact, receive the requisite warnings."

In the instant case, we are satisfied that defendant received adequate warning both from the trial court and from the contents of the probation form which he signed just after the arraignment.

In *United States v. Dorszynski*, 484 F.2d 849 (7th Cir. 1973), cited by defendant, the probationer's testimony at a post-conviction evidentiary hearing was found to contradict his earlier statements at the time of the guilty plea. The judge summarily terminated the probation on the basis that the defendant had lied under oath. We reversed the revocation order on the basis that it violated due process because "such conduct did not violate any of the specified conditions of his probation." *United States v. Dorszynski*, 484 F.2d at 852. The only condition of probation in that case was that the probationer refrain from violating any laws. In addition, the defendant in *Dorszynski, supra*, had received no prior warning that a misrepresentation could lead to revocation of his probation. In the instant case unlike *Dorszynski*, we have found that having no prior record was a condition of defendant's probation. Further, defendant was explicitly warned that his probation could be revoked if he turned out to have a prior record.

■ Finally, defendant argues that even if such a condition was imposed by the district court, it was not a valid condition of probation. According to defendant, a condition of probation must be reasonably related to the purposes of probation, described by defendant as the rehabilitation of the criminal defendant and the protection of the public. The requirement that defendant truthfully represented that he had no prior record, it is argued, bears no relationship to his rehabilitation, as would a condition that he be gainfully employed, for example, or to the protection of the public, as would a condition that he report regularly as to his whereabouts. Also defendant asserts that a condition of probation must pertain to future conduct of the probationer. We do not agree with either contention.

■ Title 18, Section 3651, United States Code provides:

> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

As we read the statute, the language requiring that the suspension of sentence be in the "best interest of the public as well as the defendant" states a prerequisite to probation, rather than its purpose. The purpose of probation is "to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable." *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932) (citation omitted). The

Supreme Court has emphasized that in the administration of the probation statute the trial judge has "an exceptional degree of flexibility" in determining whether to grant or revoke probation and on what terms. *Id.* This court has noted that the statute empowering the court to grant probation "upon such terms and conditions as the court deems best," 18 U.S.C. § 3651, permits "a broad discretion in imposing conditions of probation." *United States v. Weber,* 437 F.2d 1218, 1220 (7th Cir.), *cert. denied,* 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971).

▬ In the case at bar, the trial judge decided that it would be in the best interest of the public and the defendant to grant the probation, *if* defendant was truthfully representing that he had no prior record. That action was perfectly consistent with both the purpose of the probation statute and the statutory prerequisite.

▬ We have seen no authority that supports defendant's contention that revocation for conduct occurring prior to the probationary period is forbidden. In fact, the cases that we have seen are to the contrary. *United States v. Dane,* 570 F.2d 840 (9th Cir. 1977), *cert. denied,* 436 U.S. 959, 98 S.Ct. 3075, 57 L.Ed.2d 1124 (1978); *United States v. Ross,* 503 F.2d 940 (5th Cir. 1974); *United States ex rel. Sole v. Rundle,* 435 F.2d 721 (3rd Cir. 1971); *Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir. 1967), *cert. denied,* 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968). The language of section 3651, 18 U.S.C. § 3651, in no way suggests that only future conduct is to be considered.[5] The Supreme Court has stated that the scope of discretion conferred for the purpose of granting probation is not narrowed in providing for revocation. *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). It would have been within the court's discretion to deny probation at the outset on the basis of either or both the prior record or the mis-

representation. Thus, given the warning, it was also within the court's discretion to revoke the probation on the same basis.

The order revoking probation is affirmed.

---

**5.** Defendant does not refer to section 3653, 18 U.S.C. § 3653, as did the defendant in *United States v. Ross, supra.* If he had, we would have referred him to Judge Wisdom's well-chosen words in that opinion at 942–43.