819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas Randolph DUNCAN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 86-5906.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before KENNEDY, JONES and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Petitioner is imprisoned at the Federal Correctional Institute in Ashland, Kentucky. Petitioner was convicted of two counts of interstate transportation of stolen automobiles in the U.S. District Court for the Northern District of Georgia, and was sentenced to two consecutive five year sentences. Petitioner filed this petition for a writ of habeas corpus pro se on January 14, 1986 in the U.S. District Court for the Eastern District of Kentucky after the United States Parole Commission decided to continue petitioner's incarceration to the expiration of both sentences. The district court dismissed the petition and this appeal followed.
 
 
 2
 Petitioner challenged the accuracy of information relied upon by the Parole Commission in making its decision. However, the Commission's factual findings are not subject to judicial review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984). Petitioner also contended that convictions allegedly obtained in violation of his right to counsel were inappropriately considered by the Commission. However, the legal sufficiency of past convictions may not be challenged initially in a parole proceeding. Bloodgood v. Garraghty, 783 F.2d 470, 472 (4th Cir. 1986). Cf. United States v. Torrez-Flores, 624 F.2d 776, 780-81 (7th Cir. 1980)(conviction may not be collaterally attacked at parole revocation hearing).
 
 
 3
 Finally, insofar as petitioner attacked the imposition of his sentences based upon erroneous information in the presentence investigation report, he can only assert this argument in a motion to vacate the sentences in the sentencing court pursuant to 28 U.S.C. SS 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir. 1979). Petitioner must therefore file any such motion in the Northern District of Georgia.
 
 
 4
 For these reasons, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.