Defendant-appellant, Ellen Burnside, appeals the trial court decision revoking her probation and ordering her to serve eight months of incarceration in the Ohio State Reformatory for Women. Appellant contends that the trial court erred when it revoked her probation and ordered incarceration after she had begun serving her original sentence. We agree and reverse the trial court's decision.
On October 29, 1998, the Cuyahoga County Grand Jury indicted defendant-appellant. Ellen Burnside on one count of receiving stolen property worth more than $500 but less than $5000, in violation of R.C. 2913.51. On December 21, 1998, appellant pled guilty to the count in exchange for a recommendation of probation by the state.
On January 25, 1999, appellant appeared for sentencing. She informed the trial judge that she wanted to get drug treatment. After reviewing with appellant her extensive history of drug abuse, drug trafficking and grand theft offenses, the trial judge stated, "I cannot, in good conscious, put you out on the street." Nevertheless, in an entry dated January 28, 1999, the trial judge sentenced appellant to thirty-six months of probation on the conditions that she undergo in-patient drug treatment, obtain and maintain full-time employment when released from drug treatment, perform twenty-five hours of community service and pay court costs and a probation supervision fee. The journal entry stated that "violation of the terms and conditions may result in more restrictive sanctions, a prison term of eleven months or extensions, as provided by law." The trial judge remanded appellant to the Cuyahoga County Jail until a bed in an in-patient drug treatment facility was available for her.
While appellant was awaiting transfer to a residential treatment facility, her probation officer informed the trial court that on January 22, 1999, appellant had been arrested in Summit County for possession of criminal tools and drug paraphernalia and child endangering and had pled guilty to the charges on January 25, 1999.[1] On February 2, 1999, the trial court held a hearing regarding this new information.
At the hearing, appellant's probation officer informed the court that when he met with appellant, she told him of her arrest in Summit County on January 22, 1999 and her subsequent guilty plea. Upon questioning by the trial court, appellant admitted that she had not told her attorney or the court of her arrest before she was sentenced on January 25, 1999. Appellant's counsel acknowledged that she had not told him or the court about her arrest and plea in Summit County, but argued that her concealment of this fact did not' violate the terms of her probation. The court stated:
 Well, I agree that she hasn't violated probation under the terms that I gave her. But she had an obligation to inform her attorney, and inform me of the status of her affairs, which is in a state of limbo when the PSI is being authored by the officer, and is about to be sentenced. And then she is in another county being arrested. I think that's a material factor. And it demonstrates in my mind, that she is not committed to this major life-style change. She is not committed to it. And I feel that I have been misled by her.
The trial court then revoked appellant's probation and sentenced her to eight months of incarceration.
Appellant timely appealed, assigning one assignment of error for our review:
 ELLEN BURNSIDE WAS DEPRIVED OF HER LIBERTY WITHOUT DUE PROCESS OF LAW AND DENIED HER CONSTITUTIONAL RIGHT AGAINST DOUBLE JEOPARDY, WHEN THE TRIAL COURT RESENTENCED HER AFTER SHE HAD BEGUN SERVING HER ORIGINAL SENTENCE.
Appellant argues that she began serving her original sentence on January 28, 1999, when the order indicating her sentence to probation was journalized. Accordingly, she contends, the trial court denied her due process and violated her constitutional right against double jeopardy by resentencing her on February 2, 1999 after she had begun serving her sentence. We agree.
The Double Jeopardy Clause protects a defendant's right to finality for an acquittal and prevents multiple punishments for the same conviction. Brook Park v. Necak (1986), 30 Ohio App.3d 118,119, citing Benton v. Maryland (1969), 395 U.S. 784, 795-796.
Courts may resentence a defendant who has not begun to serve his or her sentence to a more severe sentence without violating the multiple-sentence protections of the Double Jeopardy Clause because, before its execution, a sentence lacks the constitutional finality of a verdict of acquittal. State v. Meister (1991),76 Ohio App.3d 15, 17; State v. Vaughn (1983), 10 Ohio App.3d 314,316; Columbus v. Messer (1982), 7 Ohio App.3d 266, 268. It is well established, however, that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. State v.Hayes (1993), 86 Ohio App.3d 110, 112, citing State v. Addison
(1987), 40 Ohio App.3d 7; Meister, supra.
Here, appellant's sentence was executed on January 28, 1999, when the trial court journalized its entry sentencing appellant to thirty-six months of probation with several conditions. Meister,supra at 19. Accordingly, it is apparent that the trial court's authority to modify appellant's sentence must be provided for by the legislature.
Matters involving probation are governed by R.C. Chapter 2951. R. C. 2951.09 grants a court statutory authority, upon a finding that a defendant has violated the terms of his or her probation, to revoke probation and resentence the defendant to any sentence that could have originally been imposed:
 When a defendant on probation is brought before the judge or magistrate under Section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period.
Here, however, appellant's failure to inform the trial court of her arrest and subsequent plea in Summit County was not a violation of the terms of her probation. The trial court's order dated January 28, 1999, sentenced appellant to thirty-six months of probation on the conditions that she undergo in-patient drug treatment, obtain and maintain full-time employment when released from drug treatment, perform twenty-five hours of community service and pay court costs and a probation supervision fee. Appellant's probation was not conditioned upon informing the court, prior to sentencing, of all of her prior criminal convictions. Accordingly, appellant did not violate any of the conditions of her probation by not doing so.
Indeed, at the hearing on February 2, 1999, the trial judge specifically found that appellant "hasn't violated probation under the terms that I gave her." Rather, the trial judge stated that he felt that appellant had "misled" him. R.C. 2951.09, however, does not provide statutory authority for revoking appellant's probation for misleading the court prior to sentencing.
This court addressed a similar issue in Brook Park v. Necak
(1986), 30 Ohio App.3d 118. In Necak, the defendant pled guilty to driving under the influence of alcohol. The trial court sentenced him to thirty days in jail and payment of a $225 fine and court costs. The court suspended twenty-seven days of the jail term, and placed the defendant on active probation for one year on the condition that he participate in an alcohol rehabilitation program. Six weeks later, after learning that defendant's counsel had misrepresented to the court that defendant's previous conviction did not involve an alcohol-related moving violation, the court recalled the defendant to reconsider its previous sentence. The court vacated its original sentence, and then resentenced the defendant to sixty days in jail and a fine of $225 and costs. Id. at 119.
This court reversed on appeal, finding that the trial court had modified a legally proper sentence without statutory authority after the defendant had paid the fine and served part of the jail term. We stated:
 The defendant's right to expect finality precluded such action. Misinformation from defendant's counsel did not make the original sentence unlawful. If the court could reconsider its sentence whenever it acquired new derogatory information, the defendant would have no assurance of finality. (citation omitted). Id. at 120.
The state argues, however, that pursuant to State v. Thomason
(Feb. 23, 1995), Cuyahoga App. No. 67012, a trial court can modify a sentence of probation that has been carried into execution where the defendant has misled the court or concealed a material fact that would have led the court to deny probation.
In Thomason, the defendant was arrested and charged with aggravated burglary and grand theft in connection with a break-in at the home of an acquaintance. Pursuant to a plea agreement, Thomason pled guilty to burglary and the grand theft count was nolled. At the sentencing hearing, Thomason told the trial court that he broke into the victim's house because the victim had stolen money from him in a drug deal and that he only intended to retrieve the amount of money stolen from him. Id. at 2.
The trial court sentenced Thomason to three to fifteen years incarceration and payment of a $500 fine and court costs. The trial court then suspended the incarceration time and ordered that Thomason serve four years of probation and complete an in-patient substance abuse program. Id. at 2-3.
While Thomason was waiting transfer to the residential treatment facility, the burglary victim's wife contacted the court and the prosecutor, expressing dismay that Thomason had received probation and providing additional information about the circumstances surrounding the robbery. The trial court held a hearing and considered evidence from the victim as well as the investigating officers. The testimony revealed that the break-in had been much more violent and destructive than the court had been led to believe. At the conclusion of the hearing, the trial court issued an order vacating the earlier sentence and sentencing Thomason to six to fifteen years incarceration and payment of court costs. Id. at 3.
On appeal, Thomason argued that his probation, having been executed, could not be changed by the trial court. In reliance onUnited States v. Torrez-Flores (C.A. 7, 1980), 624 F.2d 776, this court rejected Thomason's argument, finding that "a defendant's probation may be revoked not only for conduct that occurs during the period of probation, but also for misrepresentation or concealment of information that influenced the trial court to order probation or that might have led the trial court to deny probation had the true facts been known at the time of sentencing." Id. at 6.
Torrez-Flores does not stand for this proposition, however. InTorrez-Flores, the defendant was arrested and charged with illegal transportation of aliens, in violation of Title 8, Section 1324 (1) (2) of the United States Code. At his arraignment, the defendant entered a plea of guilty in accordance with a plea agreement previously arrived at between the defendant and the United States Attorney. Because a pre-sentence investigation had not been previously ordered, the trial judge then questioned the defendant about his prior criminal record. The defendant replied in the negative. When the judge asked him if he understood that his probation could be revoked if it was later learned that he did have a prior criminal record, the defendant replied that he understood. Torrez-Flores, 624 F.2d at 779.
The trial judge then accepted the defendant's plea and sentenced him to five years probation with the condition that if the defendant was deported by the Immigration and Naturalization Service, he was not to return to the United States illegally during the term of probation. The probation order recited the special deportation condition and stated that the defendant "shall comply with the * * * special conditions of probation set forth in Form #7 * * *." Form #7 contained the special condition that the defendant have no prior criminal record. Id.
Subsequently, a petition for revocation of the defendant's probation was filed with the district court, along with a report showing that the defendant had two prior convictions. At the conclusion of the probation revocation hearing, the trial court revoked the defendant's probation. Id. at 780.
On appeal, the Seventh Circuit Court of Appeals held that the revocation was proper because the veracity of defendant's representation to the court that he had no prior criminal record was a condition of his probation. In addition, the Appeals Court found that the defendant had been warned that his probation could be revoked if he turned out to have a prior record. Id. at 783.
Torrez-Flores, therefore, stands for the proposition that a defendant's probation may properly be revoked upon misrepresentation or concealment of information to the trial court prior to sentencing where the defendant's veracity regarding his or her representation is a condition of probation and where the defendant is given proper warning that any misrepresentation or concealment of information to the trial court could lead to revocation of probation.
In this case, appellant was not told prior to sentencing that she was required to inform the court of her other arrests and convictions, nor-was she told that her veracity regarding her prior criminal record was a condition of her probation. Accordingly, the trial court erred in revoking appellant's probation on the basis that she had misled the court about her criminal record prior to sentencing.
Appellant's assignment of error is well taken. Therefore, we vacate the trial court's new sentence and reinstate its original sentence.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
PATTON. J., CONCURS; and
ROCCO, J., DISSENTS (WITHDISSENTING OPINION).
[1] We question the accuracy of these dates but find no documentation in the record to verify them.