**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond DICK, Defendant-Appellant.**

**No. 84–2986.**

United States Court of Appeals, Seventh Circuit.

Argued May 24, 1985.

Decided Oct. 1, 1985.

938

Carol A. Brook, U.S. Fed. Defender Program, Chicago, Ill., for defendant-appellant.

Sidney M. Glazer, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, ESCHBACH, Circuit Judge, and CAMPBELL, Senior District Judge.[*]

CUMMINGS, Chief Judge.

Defendant Raymond Dick appeals from the district court's revocation of his probation. On July 2, 1981, Dick was sentenced to one year's imprisonment for extortionate extension of credit, to be followed by five years' probation for extortionate collection of credit, in violation of 18 U.S.C. §§ 892, 894. That sentence was stayed pending Mr. Dick's timely appeal of his conviction, and he was released on appeal bond. Mr. Dick lost his appeal to this Court, and he began serving his sentence on July 19, 1982. He was released the following May to begin his five-year term of probation.

While out on appeal bond, Mr. Dick was arrested on rape and kidnapping charges arising out of a February 8, 1982, fare dispute with a passenger of the cab he was driving at the time. He was tried in the Circuit Court of Cook County, Illinois, and convicted of these charges on November 14, 1983. Thereafter he began serving his state sentence of twelve years' imprisonment.[1] On June 27, 1984, the government

---

[*] The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. Counsel for Mr. Dick has informed us that he is currently appealing his state conviction. That fact is irrelevant to our decision, because the conviction itself, whether or not appeal is taken, would provide adequate proof of the violation of state law to justify the district court's revoking probation. The real question is whether the

filed a motion for a rule to show cause why probation should not be revoked. The district court held a hearing on November 16, 1984, after which the court granted the government's motion. It sentenced Mr. Dick to a twelve-year term of imprisonment, to run concurrently with his state sentence. The defendant filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

The issue before us is whether a district court may revoke a probationer's probation for an event occurring before the defendant began serving the probationary term but having no relation to the court's decision to impose probation. Federal judicial power to grant, and by necessary implication to revoke, probation derives entirely from Congress. *Affronti v. United States,* 350 U.S. 79, 83, 76 S.Ct. 171, 173, 100 L.Ed. 62; *Roberts v. United States,* 320 U.S. 264, 265–66, 64 S.Ct. 113, 114, 88 L.Ed. 41. Therefore, reviewing the district court's order requires close attention to the Probation Act, codified at 18 U.S.C. §§ 3651–3656. The authority to grant probation stems from 18 U.S.C. § 3651, which provides in relevant part:

> Suspension of sentence and probation
>
> Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
>
> \*   \*   \*   \*   \*   \*
>
> The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

\*   \*   \*   \*   \*   \*

Section 3653 of Title 18 authorizes the arrest of probationers and the revocation of their probation, and provides in pertinent part:

> At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. \*   \*   \*
>
> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

To be noted first is that Section 3651 does not authorize the revocation of probation. It authorizes a district court to revoke "any condition of probation" or to "change the period of probation," but it does not authorize a district court to revoke the probation and replace it with a sentence of imprisonment. The authority to do the latter derives exclusively from Section 3653, which by its terms authorizes the district court to issue an arrest warrant "for violation of probation occurring during the probation period." [2]

court could consider a violation of law occurring before the probationary period had begun.

**2.** One might argue that the violation of state law constituted "cause" sufficient to permit the probationer's probation officer to arrest him, even if the district court could not issue a warrant for

the probationer's arrest because the violation of state law did not occur during the probationary period. This argument is nonsensical, given the limitation placed on a court's authority to issue a warrant. Otherwise, a probation officer could arrest a probationer without a warrant in in-

The Comprehensive Crime Control Act of 1984 substantially altered the Probation Act, although the changes are not effective until November 1, 1986, and so are not at issue before us. The new legislation does, however, appear to solve the issue raised in this case for the future, although not for the reasons advanced by defendant's counsel.

Counsel for defendant argues that new Section 3606, which will replace the current Section 3653 and which extends to both "probationers" and those people "on supervised release," would extend the statute's reach to those on appeal bond (Br. 19). This contention is in error, for the new Act established a new type of sentencing option, called "supervised release," that is similar to probation but is intended to replace parole. See S.Rep. 225, 98th Cong., 2d Sess. 1, 122–125, reprinted in 1984 U.S. Code Cong. & Ad.News 3182, 3305–3308 (discussing new Section 3583).

Nevertheless, the new legislation most likely cures the issue raised in this case. New Section 3606, entitled "Arrest and return of a probationer," does not contain the language present in old Section 3653 that restricted the authority of the district court to issue an arrest warrant for the probationer to only those violations that occurred during the probation period. Additionally, the authority to revoke probation, previously part of old Section 3653, is now contained in a separate section, new Section 3565, entitled "Revocation of probation." [3] This new Section 3565 explicitly states that if a "defendant violates a condition of probation at any time prior to the expiration of termination of the term of probation," the court may revoke his sentence of probation. Given these statutory changes, a district court would now be able to revoke a probationer's probation for an event occurring before the defendant began serving the probationary term.

The government insists that Section 3651 confers broad power on the district court to revoke probation. Yet that Section refers only to the trial court's power to grant probation to begin with, and its power to revoke or modify conditions of probation. To find the power to revoke the term of probation itself, a district court must look to Section 3653. Were we to accept the government's contention that Section 3651,

---

stances in which the district court could not issue a warrant for the probationer's arrest, a result which would turn upside down the place of arrest warrants in our system of criminal justice. Obviously Congress gave probation officers the authority to execute warrantless arrests to facilitate their taking probationers back into custody when they learn of or observe an infraction of a probation condition occurring during the term of probation.

The restriction on the court's ability to issue a warrant "for violation of probation occurring during the probation period" possibly could be limited to warrants issued after the probation has terminated but within the five-year maximum probationary period that the court could have required. This interpretation too is strained, first of all because the language is not so restricted but read naturally applies to both warrants issued during the probationary period and those issued after the probationary period ends but within five years of the defendant's being placed on probation. Second, the purpose of the restriction is to limit the probationer's exposure for probation revocation to events occurring during the maximum probationary period possible under the statute, and extending that period backward in time, as well as forward in time, would equally defeat Congressional intent.

**3.** § 3565. Revocation of probation

(a) Continuation or revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—

(1) continue him on probation, with or without extending the term of modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

(b) Delayed revocation.—The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

or some inherent power of the court, permits trial courts to revoke probation and incarcerate a defendant, then those parts of Section 3653 conferring this authority would be rendered meaningless. This result is repugnant to statutory construction and contradicts repeated reminders by the Supreme Court that "federal courts had no such power [to grant probation] prior to passage" of the Probation Act, *Roberts*, 320 U.S. at 266, 64 S.Ct. at 114 (citations omitted), and so are especially limited in the powers available to them.

■■■■ The Supreme Court's careful construction of the Probation Act on other occasions demonstrates the importance of insuring that federal courts not exceed the limits on their authority that Congress has established. See *Affronti v. United States*, 350 U.S. at 83–84, 76 S.Ct. at 173–74 (interpreting Section 3651 to avoid duplicating other statutory provisions and requiring that a power be clearly given); *Roberts v. United States*, 320 U.S. at 272, 64 S.Ct. at 117 (construing Sections 3651 and 3653 to avoid duplication and to give both Sections "full meaning and effect"). Repeatedly the Supreme Court has construed Sections 3651 and 3653 strictly in terms of the time frames during which a district court may exercise its power and the options available to the district court. For instance, a trial court may not suspend a sentence or authorize probation once a defendant has begun service of a prison term imposed on a separate count of an indictment. *Affronti, supra.* Nor can an event constituting a parole violation provide a basis for revoking probation. It could justify revoking parole, but not revoking probation, because the two forms of release are independent and Congress, by implication, intended no overlap between them. *United States v. Wright*, 744 F.2d 1127 (5th Cir.1984). Instead "the probationary power ceases with respect to all of the sentences composing a single cumula-

tive sentence immediately upon imprisonment for any part of the cumulative sentence." *Affronti*, 350 U.S. at 83, 76 S.Ct. at 173. All that the statute authorizes is that once a defendant begins to serve a probationary term, the district court regains the power to revoke the probation for violations occurring during the probationary term.[4] The Supreme Court also refused to interpret Section 3653 broadly in *Roberts, supra*, a narrow interpretation that Congress made explicit five years later when it codified Title 18 in 1948. 18 U.S.C.A. § 3653 (historical and revision note). These cases instruct courts to pay careful attention to the wording of the statute, because Congress intended to confer no more power on the federal courts than it explicitly authorized in the statute.

The government's reliance on *Burns v. United States*, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, is entirely misplaced. First, *Burns* involved a defendant who was given a five-year probation term, to run concurrently with a one-year term of imprisonment. The district court revoked the probation for an abuse of liberty privileges (to visit a dentist) afforded the defendant during his year in jail. Consequently, the probation revocation was for an act occurring during the five-year probation term, and the issue presented by the present case did not even arise. The government has not argued that Mr. Dick was on probation or that his probation term had commenced when he engaged in the criminal acts causing the district court to revoke his probation, which constitutes a crucial difference between the two cases.

■■■■ Second, the substance of the Supreme Court's comments on the discretion afforded to district courts in granting or revoking probation centered on the appropriate standard of review of district court decisions, and the extent to which the defendant was entitled to notice and a formal

---

4. Even the government concedes that a district court cannot grant probation or modify it once a defendant has begun to serve part of the sentence of which the probation is a part (Br. 14). If so, then the district court certainly can-

not revoke probation. In no way could revoking probation constitute carrying out the probation sentence when the district court cannot modify the probation period.

hearing. We agree that the correct standard is the lenient abuse of discretion standard. The question, however, is not whether the district court was right or wrong to revoke probation for the defendant's violation of state law, but whether the district court had power to consider an event occurring prior to the commencement of the formal probationary period. Insofar as the trial court exceeded the power conferred on it by Congress by considering events outside the probationary period (or the maximum five-year probation period allowed by Section 3651), it abused the discretion that Congress authorized.

Third, the limiting language in Section 3653 regarding arresting probationers "for violation of probation occurring during the probation period" was absent in the statutory version enacted in 1925, see 43 Stat. 1260, that was before the Supreme Court in *Burns.* That language was added in 1948 as a part of Congress' codification of Title 18. See 62 Stat. 842. Not only did the fact situation in *Burns* present a much easier question than the one before us, but the express language indicating that Congress intended the limitation we today impose was at best implicit in the earlier statute.[5]

The government's reliance on *United States v. Ross,* 503 F.2d 940 (5th Cir.1974), and its progeny, including our decision in *United States v. Torrez-Flores,* 624 F.2d 776 (1980), is similarly misguided. The Fifth Circuit has recently greatly circumscribed the reach of *Ross.* See *United States v. Wright, supra.* In *Ross* the Fifth Circuit held that the district court had not abused its discretion when it revoked the probation of a defendant who was arrested on similar charges within hours of the district court's sentencing. The *Ross* court's holding that Section 3653 was not exclu-

sive, 503 F.2d at 943, was clearly wrong, given the Supreme Court's insistence that each provision of the Probation Act be given full effect and not be interpreted as surplusage. In *Wright* the Fifth Circuit recognized that despite *Ross*'s broad language, "federal courts have no inherent power or authority concerning probation, and their authority with regard thereto is only as conferred by statute." 744 F.2d at 1129. The court later observed that if *Ross* and its progeny were correctly decided, then they stood only for the proposition that "where the defendant receives a probationary sentence, it may be revoked because of an illegal act committed prior to its commencement only when the defendant has not commenced actual service of any sentence cumulatively imposed." *Id.* at 1131. The rationale for the exception is a "fraud on the court" concept that operates when the defendant withholds information from the district court at sentencing that is unknown to the court at sentencing but would have altered the court's sentencing decision. *Id.*[6] As so limited, *Ross* has no relevance for the instant situation, because the illegal act occurred after sentencing and was unforeseen by both the defendant and the trial court at the time Mr. Dick was sentenced.

As so understood, under a fraud on the court theory the district court is not revoking probation for a preprobation offense, but correcting the sentence it imposed on the basis of facts that the defendant wrongfully and knowingly withheld. The exception is little more than a manifestation of the supervisory powers that a court may exercise to preserve the fairness of the judicial system. See *United States v. Cortina,* 630 F.2d 1207 (7th Cir.1980). Although gross violations of a defendant's

---

**5.** The legislative history is silent on why the language was added. In all likelihood, as a codification the language was intended to make express what had earlier been implicit in the statute and in Congressional intent in enacting the statute. Cf. *Affronti v. United States,* 350 U.S. at 82, 76 S.Ct. at 173 (Section 3651 had same meaning as it had had before codification despite small change in language).

**6.** *Ross* itself exemplifies the type of deception the concept covers. The fraud on the court concept can explain almost all the circuit courts of appeals cases approving a district court's revocation of probation for acts occurring prior to the probationary period itself. For example, the two cases relied on by the *Ross* court itself both involved fraud at sentencing. 503 F.2d at 943.

constitutional rights by law enforcement officials have been implicated in most of the decisions in which courts have invoked their supervisory power, in which the real question has been the suppression of evidence, the fraud perpetrated on the judicial system itself provides the motivating force permitting use of the doctrine. "The supervisory power is reserved to protect the integrity of the federal courts." *United States v. Chiavola*, 744 F.2d 1271, 1274 (7th Cir.1984). The policy is concerned with the extent to which fraud on the court converts the court into an instrument of the party's deception. Cf. *McNabb v. United States*, 318 U.S. 332, 347, 63 S.Ct. 608, 616, 87 L.Ed. 819 (court is not concerned with law enforcement "except in so far as the courts themselves become instruments of law enforcement"); *Chiavola*, 744 F.2d at 1274 (fraud on the court common factor in cases in which courts have exercised their supervisory power). Recognizing a court's inherent authority to correct injustice perpetrated through it by a party's lying in court is not novel, and does not augment a court's power regarding probation beyond what Congress allowed.

Our decision in *Torrez-Flores, supra,* harmonizes with this understanding of *Ross.* In that case, a condition of the defendant's probation was that he truthfully inform the court that he had no prior criminal record. When this assurance proved to be false, the district court revoked the defendant's probation. Defendant's principal argument was that this type of condition was not a valid condition of probation, a contention that we quickly rejected. 624 F.2d at 783–784. Defendant also argued that probation could not be revoked for conduct occurring prior to the probationary period, but he did not refer to Section 3653, *id.* at 784 n. 5, and our decision did not consider the question fully. At most *Torrez-Flores* permits a district court to revoke probation when a fraud has been imposed on the court because the defendant has intentionally withheld information that he realizes is crucial to the court's decision and that would alter the court's decision to grant probation.

■ The government's argument that Mr. Dick perpetrated a fraud on the court is absurd. The government contends that the defendant, assuming standard procedure was followed when he was sentenced to probation, must have promised not to commit any future crimes. Because seven months later he did commit crimes, the government argues that his earlier promise to the trial court was a false promise and so constituted fraud at sentencing. The government has not suggested, however, that Mr. Dick was insincere when he made this promise. Absent some evidence of the defendant's bad faith at the time he was sentenced, evidence that is completely missing here, the fraud on the court concept loses all logical support. Although the defendant may have been unable to keep the promise, he did not lie, and his conduct surely does not approximate that of those defendants who have returned to criminal activity within hours of their sentencing or have intentionally misled the sentencing court. See, *e.g., Torrez-Flores, supra; United States v. Ross, supra.*

In addition to the restriction in Section 3653 that limits probation revocation proceedings to matters occurring during the probation period, the precise wording of Section 3651 supports the result we reach here. That Section unequivocally states that the probationary term "shall not exceed five years." Were we to permit probation to be revoked for violations of probation that occurred after sentencing but before probation formally began, in effect we would be extending the probationary period past the maximum allowed by statute. The following hypothetical illustrates the problem. Suppose an individual is convicted of a crime and sentenced to five years' probation to begin immediately. If that person violates state law during the next five years, the individual is subject to probation revocation proceedings. But suppose instead that the person appeals his conviction and is allowed to remain at liberty on appeal bond while awaiting the appellate decision. Assume the appeal takes one year, and that the defendant loses, at

which time he begins to serve his period of probation. Were the district court to hold him accountable for a violation of state law occurring during the time period he was free on appeal bond, then his probationary period would extend beyond the five years he was formally on probation. See *United States v. Dozier*, 707 F.2d 862, 865–66 (5th Cir.1983) (Garwood, J., concurring). Defendants who appealed would also be at risk for probation violations for varying periods of time, depending on how long their appeals took. Congress could not have intended punishment to be subject to such capricious extensions themselves entirely independent of any of the concerns regarding individualized consideration of each defendant's character and nature of his offense that justify sentencing. Cf. *Burns, supra.*

This extension of the five-year limit is unacceptable, given the clear wording of Section 3651 to the contrary. Because, as seen, Sections 3651 and 3653 are to be interpreted to mean strictly what they say, that a defendant may not formally have been placed on probation when he is nonetheless subject to probation, revocation is not an operative distinction. Congress has provided that defendants released on appeal bond are subject to having their appeal bond revoked and being held in contempt of court. 18 U.S.C. §§ 3148, 3143(a). More importantly, the defendant is subject to the full panoply of punishment if convicted of violating the law.[7] The provision of these other remedies indicates that allowing probation to be revoked would be duplicitous. If a defendant released on parole prior to serving probation is not subject to probation revocation for parole violations, see *United States v. Wright, supra,* then a defendant should not be subject to probation revocation for other incidents that also occurred before he had begun to serve his probationary term. The precise concerns

regarding overlap with the executive branch present in the parole situation are absent, but the overall analysis focusing on the exact provisions of the statute indicates that the same result would obtain.

The district court's concern that some sort of "free zone" would exist is unfounded, given the other two procedures (revocation of appeal bond and citation for contempt of court) available to it to punish the defendant's infringement of the terms of his appeal bond, and the availability of full punishment for the new crime. The government's refusal to resort to these available remedies cannot excuse a district court's overreaching the authority given to it. Nor is the government's power to revoke probation limited when the probationary period follows a term of imprisonment, contrary to the government's assertion (Br. 14). The district court has the same five years during which to hold the defendant accountable, whether the five years commences at sentencing or later, after completion of an intervening prison term and/or appeal. The point is that the power cannot be extended beyond the five-year maximum Congress decreed.

In summary, a district court cannot revoke the probation of a defendant for an event that occurred before the beginning of the probationary term. The power to revoke probation is available only for probation violations occurring during the probationary term. That a district court may rescind an order of probation when the defendant has intentionally withheld information from the court which would have altered the court's sentencing decision cannot extend the district court's authority to revoke probation in other situations going far beyond the "fraud at sentencing" concept. When no fraud has been practiced on the court, Congress has not given trial

---

7. The district court's contention that the event for which probation was revoked was Mr. Dick's conviction, which occurred in November 1983 during his probationary period, not the rape and kidnapping, which occurred before, is incorrect. The predicate acts for which the defendant was convicted were the rape and kid- napping, without which no state trial or conviction would have been had. His probation was revoked not because he was convicted in state court, but because he violated state laws, an event occurring in February 1982, long before his probationary period began.

 

courts the authority to revoke probation. The district court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.