**UNITED STATES of America**

v.

**Michael VEATCH, Appellant.**

**No. 85–3658.**

United States Court of Appeals,
Third Circuit.

Argued April 18, 1986.

Decided June 2, 1986.

James V. Wade (Argued), George E. Schumacher, Federal Public Defenders, Pittsburgh, Pa., for appellant.

Bonnie R. Schlueter (Argued), Paul J. Brysh, U.S. Attys., Pittsburgh, Pa., for appellee.

Before: ADAMS, GIBBONS, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

While free on bond pending appeal from convictions of federal crimes, defendant committed a state felony. Because of the defendant's state conviction, the district court revoked the probationary sentence it had imposed. Although recognizing the split among the courts of appeals on this issue, we conclude that district courts have authority to revoke probation even before it commences. Accordingly, we will affirm the order of the district court.

Defendant pleaded guilty to three counts of firearms violations, 18 U.S.C.App. § 1202(a)(1), 26 U.S.C. § 5861(d) and (h), and received the following sentences:

Count III, ten year confinement—suspended, defendant to serve six months in jail, probation for a period of five years to commence on release from confinement.

Count II, ten years confinement, execution suspended, probation for five years concurrent with that imposed on Count III.

Count I, two years confinement, execution suspended, probation for two years concurrent with Count III.

The guilty plea was conditional,[1] and the district judge permitted defendant to remain on bail pending appeal of the denial of a suppression motion.

At the sentencing hearing on November 24, 1984, the district judge told defendant, "if you go out and have your probation revoked, you could be put in jail for ten years. So that is going to be hanging over you ... and I hope as a deterrent, to cause you to reflect and pause before you get into any more trouble."

After referring to a complaint by the defendant's former girlfriend, the judge cautioned that should the woman be assaulted, "you are going to go to federal prison for a long time, like ten years or how long they keep you." Commenting on the relevancy of the Bail Reform Act, the court warned that it might be applicable to defendant: if so, "it could be that you would have a revocation of your probation. Understand? Now we don't know for sure but it could be, you could go as long as ten years in prison.... I am putting it on the record so you won't be surprised."

The judge continued, "let's suppose in the middle of next year, [defendant] goes out and commits a crime, this gentleman here, Mr. Veatch, he commits a crime in July of 1985. Now I have a hearing, I revoke his probation, he goes into jail for ten years."

Despite his declaration of reform, defendant did not even wait until July of 1985, but on December 27, 1984 participated in the kidnapping and violent rape of a woman.[2] He was arrested by state authorities soon afterward and has remained in state custody. On January 29, 1985, the government moved to revoke the defendant's bail and probation. The district court directed that a hearing would be held on release of defendant by state authorities or after a state conviction, whichever occurred earlier.

On August 13, 1985, agreeing that the district court's ruling on the suppression motion was proper, this court affirmed the conviction on the firearms charges. On August 30, 1985, the state court sentenced defendant to a prison term on the rape charges.

While a petition for certiorari from the affirmance of the federal conviction was pending in the Supreme Court, the district court conducted a hearing on the motion for revocation of probation. On November 14, 1985, probation was revoked, and the court imposed a ten year term of imprisonment, consecutive to the state sentence.

---

1. *See United States v. Zudick,* 523 F.2d 848 (3d Cir.1975); Fed.R.Crim.P. 11(a)(2).

2. The victim was not the former girlfriend who was the subject of the judge's comment at sentencing.

Defendant has appealed, contending that he was not allowed to speak in mitigation of sentence and that he was denied the right of allocution. We find the record does not support either of these contentions.

■ Defendant maintains further that since he had not yet begun serving his sentence, the district court lacked authorization to revoke probation. He relies on *United States v. Dick*, 773 F.2d 937 (7th Cir.1985), which so held. In response, the government cites *United States v. Ross*, 503 F.2d 940 (5th Cir.1974), and other cases that upheld a district court's power to revoke probation before defendant commenced serving a sentence of incarceration.

The court's power to impose probation is conferred by the Federal Probation Act, presently codified at 18 U.S.C. § 3651 *et seq.* Section 3651 provides that a court,

"when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\* \* \* \* \* \*

"The court may revoke or modify any condition of probation, or may change the period of probation."

Section 3653 states, "At any time within the probation period, ... the court may issue a warrant" for the probationer's arrest. After a hearing, the court "may revoke the probation."

In *Affronti v. United States*, 350 U.S. 79, 83, 76 S.Ct. 171, 173, 100 L.Ed. 62 (1955), the Supreme Court held that to "avoid interference with the parole and clemency powers vested in the Executive Branch," a district court could not grant or modify probation once a defendant had begun to serve a period of incarceration. In *United States v. Murray*, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928), the Court concluded that "A more reasonable construction [of the Probation Act] is to reconcile the provisions for probation, parole and executive clemency, making them as little of a repetition as we can." *Id.* at 357, 48 S.Ct. at 149.

*Burns v. United States*, 287 U.S. 216, 220–21, 53 S.Ct. 154, 155–56, 77 L.Ed.2d 266 (1932), made clear that in general a narrow construction of the Act was not desirable. As the Court noted, "To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential." In modifying or revoking probation, the question is "whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant."

*Affronti* restricted the trial judge's discretion to revoke probation when it might conflict with the executive's prerogatives. However, the Supreme Court has not addressed the district court's authority to revoke probation when an additional offense has been committed after imposition of sentence but before incarceration has begun.

That issue was resolved in *United States v. Ross*, 503 F.2d 940, 943 (5th Cir.1974), where the court of appeals concluded, "Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date."

In *United States v. Dozier*, 707 F.2d 862 (5th Cir.1983), the court followed *Ross* and affirmed a revocation of probation based on criminal conduct of the defendant while his conviction was on appeal. *See also United States v. Cartwright*, 696 F.2d 344 (5th Cir.1983); *United States v. Tucker*, 524 F.2d 77 (5th Cir.1975).

The *Ross* rationale, however, has been held inapplicable when the illegal act advanced as a basis for revocation occurred while the defendant was on parole from a prison sentence on another count in the same underlying indictment. *United States v. Wright*, 744 F.2d 1127 (5th Cir. 1984). In *Wright*, the court concluded that because of the potential conflict between

judicial and executive power during parole, *Affronti* acted as a limitation on *Ross.*

Other courts of appeals have agreed with the Fifth Circuit approach. In *United States v. Jurgens,* 626 F.2d 142 (9th Cir. 1980), the court cited *Ross,* noting that when the sentencing judge has been misled through fraudulent concealment by the defendant, probation may be revoked. *United States v. Wickenhauser,* 710 F.2d 486, 487 (8th Cir.1983), phrased the rule as follows: "probation may be revoked before the term of probation has commenced based upon new information or a change of circumstances."

The "fraud on the court" exception is based on the premise that the sentencing judge would not have granted probation had he been aware of facts which the defendant had concealed. In that situation, a number of cases have determined that probation may be revoked after it has begun, even though the illegal acts occurred before sentencing. *See United States v. Torrez-Flores,* 624 F.2d 776 (7th Cir.1980); *Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir.1967). Those cases also illustrate the point that the power to revoke has not been dependent on acts that took place during the probation period.

Not until *United States v. Dick,* 773 F.2d 937 (7th Cir.1985), did a court of appeals hold that incidents occurring before the actual service of a sentence could not support a probation revocation. In *Dick,* probation was revoked because of a crime the defendant committed while free on bail pending appeal. The court of appeals construed § 3653 of the Probation Act as providing the sole source of authority for a district court's recission of probation. As the court read it, that section limits revocation authority to only those events which happened "during the period of probation." The *Dick* court thus differed with *Ross'* interpretation of the Probation Act.

*Dick's* reasoning is based on a literal reading of the statute and has superficial

appeal, but we are persuaded that *Ross* more accurately reflects congressional intent and the thrust of the legislation.

Section 3651 states that "the court may revoke or modify any condition of probation, or may change the period of probation." No time limitation is imposed on those powers. That language is subject to two interpretations—that the court has the power to revoke probation entirely, or that the court's authority is limited to the revocation of conditions of probation. In referring to that clause in another context, the Supreme Court in *Burns* commented, "There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation." 287 U.S. at 221, 53 S.Ct. at 156. In a second reference, the Court said, "No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant." *Id.* Hence, the Supreme Court's reading of the statute in *Burns* is broader than *Dick's* and is more aligned with *Ross.*

The Comprehensive Crime Control Act of 1984, 18 U.S.C.A. § 3565, effective November 1, 1986, supports the *Ross* holding. That statute provides that "If the defendant violates a condition of probation *at any time* prior to the expiration or termination of the term of probation," the court may revoke the sentence of probation.[3] (emphasis added). The legislative history does not reveal the reason for the change of language in the current Act, but it deserves mention that the new legislation is consistent with *Ross.* Because the 1984 statute preceded *Dick,* that case could not have precipitated a change in statutory language.

We are persuaded that *Ross* is the correct interpretation of the Probation Act of 1948 because that holding is consistent with the general purposes of the statute. In *Roberts v. United States,* 320 U.S. 264,

---

**3.** The 1984 Act, 18 U.S.C.A. § 3606, also provides for the arrest of a probationer without a warrant but deletes the clause in the present version of § 3653, which grants authority to arrest "at any time within the probation period."

64 S.Ct. 113, 88 L.Ed. 41 (1983), the Court commented that the primary purpose of probation is to afford an offender an opportunity for rehabilitation,

"without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity. To accomplish this basic purpose Congress vested wide discretion in the courts."

*Id.* at 272, 64 S.Ct. at 117.

To read the statute as narrowly as did *Dick* would frustrate the intent of the Act and would deprive the courts of the authority to revoke probation when an offender has committed another criminal act while the original conviction is on appeal. The need for the power to revoke is perhaps more acute when the additional offense occurs so soon after imposition of a sentence than it would be when the infraction occurs years later. In addition, during the period when the defendant is at liberty pending appeal, the concerns that influenced *Affronti* do not exist. In that interval, there is no conflict between the court's authority and the executive's responsibility for confinement or clemency.

■ Furthermore, granting the power to revoke probation permits the correction of a sentence based on an erroneous assumption that defendant would likely benefit from leniency. A defendant's display of recidivous tendencies demonstrates that he is unworthy of the opportunity for rehabilitation. In that setting, revocation of probation as well as imposition of a sentence consistent with the original offense is fully justified. The reasoning which supports revocation after probation has begun loses none of its force when the defendant's additional infraction takes place while he is on bond pending disposition of his appeal.

■ We hold, therefore, that a district court may revoke probation if a defendant violates the conditions of probation in the period between the date of sentencing and the date of incarceration.

There is no inequity in affirming the district court's order in the case at hand. At the time of sentencing, the district judge told defendant bluntly and forthrightly that if he violated any of the conditions, his probation could be revoked. Indeed, the judge highlighted a scenario where, if defendant committed a crime within several months following sentencing, his probation would be revoked and he would go to jail for ten years. A more explicit warning can hardly be imagined.

The order of the district court will be affirmed.