UNITED STATES of America, Appellee,

v.

Troy CASARES, Appellant.

No. 87–1056.

United States Court of Appeals, Eighth Circuit.

Submitted April 24, 1987.

Decided June 2, 1987.

Ronald S. Depue, Grand Island, Neb., for appellant.

Stephen D. Anderson, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ROSS, Circuit Judge.

Troy Casares appeals from the district court's[1] order revoking his probation and sentencing him to the custody of the Attorney General for a period of five years. We affirm.

On June 26, 1986, Casares appeared before Judge Urbom and pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846. Following his plea, Judge Urbom, on September 29, 1986, sentenced Casares to

the custody of the Attorney General or its authorized representative for imprisonment for a period of five (5) years, but on condition that he be confined for a

---

**1.** The Honorable Warren K. Urbom, United States District Judge, District of Nebraska.

period of six (6) months in a jail-type institution on a work-release program, then the remainder of the sentence of imprisonment is suspended and the defendant placed on probation for a period of five (5) years....

Judge Urbom then ordered Casares to report voluntarily on November 3, 1986, "to the institution designated by the Bureau of Prisons ... to begin serving [his] jail-type incarceration." Immediately following the sentencing, Casares was furnished with a written copy of the terms and conditions of his probation.

Between the time of sentencing and the date he was to report for incarceration, Casares violated the terms and conditions established for his probation. Based on the (later-admitted) violations, the U.S. Attorney's office filed a Petition for Revocation. On November 4, 1986, Casares appeared before Magistrate David L. Piester on the U.S. Attorney's Petition. Magistrate Piester recommended to Judge Urbom that the Petition be dismissed. The magistrate, relying on *United States v. Dick*, 773 F.2d 937 (7th Cir.1985), found that the court had no power to revoke Casares' probation because the alleged violation did not occur during the probationary term. Based on that conclusion, the magistrate recommended that the court dismiss the U.S. Attorney's Petition.

Judge Urbom rejected the magistrate's recommendation. After reviewing his initial judgment, Judge Urbom concluded that he intended that Casares' probationary period would commence at the time of sentencing. In light of that finding, Judge Urbom did not reach the issue of whether the court had the power to revoke probation for a violation that occurred prior to the commencement of the probationary term. Judge Urbom then remanded the Petition to the magistrate for a determination of probable cause. On remand from the district court, Casares admitted to the violations and was sentenced to five years incarceration.

On appeal, Casares argues that the district court had no authority to revoke his probation before he began his sentence.

The language used by the court in sentencing Casares initially is ambiguous. Nothing in the order indicates explicitly whether the probationary period was to run consecutively to or concurrently with incarceration. The interpretation of the sentencing order is, however, governed by the district court's intent. *See United States v. Levitt*, 799 F.2d 505, 507 (9th Cir.1986); *Sanford v. King*, 136 F.2d 106, 108 (5th Cir.1943). Judge Urbom found specifically that he intended Casares' probationary period to commence at the time of sentencing. Admittedly, Casares' reading of the sentencing order is a plausible one. It does not appear, though, that the court committed clear error in rejecting that position. Because probation had already begun, the court correctly determined that it was not necessary to reach the issue of whether it had the power to revoke probation prior to the commencement of the probation term.

Accordingly, we affirm the decision of the district court revoking Casares' probation and sentencing him to five years of incarceration.