**John H. WILLIAMS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 19, 1988.
Decided: May 12, 1989.

Bernard J. O'Donnell, Office of Public Defender, Wilmington, for appellant.

Rosemary K. Killian, Dept. of Justice, Wilmington, for the State.

Before CHRISTIE, C.J., HORSEY and MOORE, JJ.

MOORE, Justice.

Defendant John H. Williams ("Williams") appeals from an order of the Superior Court revoking his unexecuted probation because of prior criminal convictions, which were unknown at the time probation was granted. Williams maintains that the Superior Court had no authority to revoke an unexecuted sentence of probation upon being informed of the defendant's undiscovered criminal conduct, and that such revocation constitutes an abuse of the trial judge's discretion absent a demonstration of the defendant's concealment of his criminal activities. In our opinion the decision of the trial court was entirely proper and wholly consistent with its broad authority under 11 *Del.C.* § 4333, regarding the termination of probationary sentences. Moreover, it is clear under the plain language of 11 *Del.C.* § 4333 that the Superior Court, in the proper exercise of its discretion, may revoke a prior grant of probation. Furthermore, we concur with the trial court's reliance upon *United States v. Veatch,* 792 F.2d 48 (3rd Cir.1986) for the proposition that a trial court may equitably revoke a probationary sentence at any time prior to the commencement or execution of that sentence. Sound public policy requires that our trial courts be empowered to revoke unexecuted probationary sentences when the defendant's record demonstrates that an earlier evaluation at sentencing was inaccurate. *See United States v. Ross,* 503 F.2d 940, 943 (5th Cir. 1974); *United States v. Wickenhauser,* 710 F.2d 486, 487 (8th Cir.1983). Accordingly, we affirm.

I.

Williams was convicted in 1985 of forgery and was sentenced on November 22, 1985 to four years' imprisonment, suspended for four years' probation. This probation was to terminate on November 18, 1989. However, during this term of probation Williams was arrested, and was convicted of the crimes of Robbery Second Degree (11 *Del.C.* § 831) and Conspiracy Second Degree (11 *Del.C.* § 512). On July 25, 1986, he was sentenced to three years' imprisonment, suspended for an additional probationary term of three years, to begin upon the expiration of his unexpired term of probation on November 18, 1989. Yet unknown to the Superior Court, on July 24, 1986—one day before his sentencing on the robbery/conspiracy convictions—Williams committed a new offense of Conspiracy Second Degree, but was not arrested and convicted for this crime until later in the year.

On April 24, 1987, when Williams was being sentenced on the second conspiracy conviction, the Superior Court found him in violation of his current probationary term on the forgery charge, but terminated his probation for this offense without imposing the suspended sentence of four years. Additionally, the trial court revoked Williams' unexecuted probation on his rob-

bery/conspiracy convictions and imposed the previously suspended three year term of imprisonment upon the defendant. Finally, the court sentenced Williams to an additional two years' imprisonment on the latter conspiracy conviction.

## II.

In its ruling, the trial court cited *United States v. Veatch*, 792 F.2d 48 (3rd Cir.1986) as authority for the revocation of Williams' unexecuted probationary term. In *Veatch*, United States Court of Appeals for the Third Circuit was faced with the question of whether a Federal district court had the authority under the Federal Probation Act[1] to revoke a previously imposed, but unexecuted, probationary sentence. Noting that under § 3651 of the Federal Probation Act the district courts "may revoke or modify any condition of probation, or may change the period of probation," the Third Circuit found that trial courts had wide discretion over probationary matters, which implicitly included the power to revoke a prior grant of probation. *Veatch*, 792 F.2d at 50–52.

Moreover, the Third Circuit in *Veatch* specifically rejected the "literal reading" of the Federal Probation Act found in *United States v. Dick*, 773 F.2d 937 (7th Cir.1985), which limited the revocation authority of Federal courts to those events which occur "during the period of probation." *Veatch*, 792 F.2d at 51; *Cf. Dick*, 773 F.2d at 944. The Third Circuit declined to follow the rationale of *Dick*, finding that such a "narrow" and "superficial" statutory interpretation of the Federal Probation Act would irrationally prevent trial courts from revoking the probation of convicted offenders who commit additional offenses while their original conviction is on appeal. *See Veatch*, 792 F.2d at 51–52. Furthermore, *Veatch* found that the revocation of probation is fully justified upon a defendant's display of recidivous tendencies. *Id.* at 52.

Nevertheless, Williams maintains on appeal that the trial judge abused his discretion in revoking the defendant's unexecuted term of probation, and that the rationale of *Dick*, rather than *Veatch*, should govern this inquiry. Williams contends that his July 24, 1986 act of conspiracy occurred *before* his sentencing on the robbery/conspiracy charges and argues that his circumstances are factually distinguishable from *Veatch*, where the additional offense occurred *after* sentencing, but before the commencement of the probationary term. Moreover, Williams argues that the pertinent general conditions of his probation expressly forbids prospective convictions only during the supervisory period, and does not specifically address acts committed before the sentencing and commencement of the probationary term itself. Finally, Williams asserts that the trial court had no authority to revoke his imposed but unexecuted probationary term absent a finding of active concealment or misrepresentation by the defendant of his prior record.

## III.

Initially, we observe that throughout his argument, Williams ignores and otherwise fails to substantively address the relevant statutory language of 11 *Del.C.* §§ 4301[2] and 4333,[3] which undisputedly empowers

---

1. 18 U.S.C. § 3651 *et seq.*

2.
### CHAPTER 43. SENTENCING, PROBATION, PAROLE AND PARDONS
Subchapter I. Purposes, Construction and Definitions
**§ 4301. Purposes and construction.**
  This chapter shall be construed to the end that the treatment of persons convicted of crime shall take into consideration their individual characteristics, circumstances, needs and potentialities as revealed by a case study, and that whenever it appears desirable in the light of the needs of public safety and their own welfare, such person shall be dealt with, at restricted liberty in the community, by a uniformly organized system of constructive rehabilitation, under probation or parole supervision instead of in a correctional institution.

3. **§ 4333. Period of probation or suspension of sentence; termination.**
  The period of probation or suspension of sentence shall be fixed by the court, but in no event shall the total period of probation or suspension of sentence exceed the maximum term of commitment provided by law for the offense or 1 year, whichever is greater; provided, that in all cases where no commitment is provided by law, the period of probation or

the Superior Court to grant and terminate probationary and suspended sentences arising from criminal convictions. Under 11 *Del.C.* § 4301, probation is specifically authorized "whenever it appears desirable in the light of the needs of public safety and [the offender's] own welfare". Furthermore, under 11 *Del.C.* § 4333, probationary or suspended sentences "may be terminated by the [Superior Court] at any time." We consider this to confer broad discretion upon trial courts regarding the grant and termination of probation.

A more considered analysis of the plain language of §§ 4301 and 4333 leads to the conclusion that Williams' reliance on *Dick* is misplaced. If anything, Delaware courts have substantively broader discretion in probationary matters than their Federal counterparts. Significantly, the power to terminate probation under § 4333 is not subject to time limitations, and it is clear that the trial courts may exercise their discretion in terminating probationary terms "at any time." *Compare Veatch,* 792 F.2d at 51. Moreover, there is no suggestion whatever in the statute that the scope of the discretion granted the trial courts is somehow narrowed, or that the broad authority conferred upon the trial court is restricted in any manner. *Cf. Veatch,* 792 F.2d at 51; *see also Burns v. United States,* 287 U.S. 216, 220–21, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932). Finally, it is clear that such a plenary interpretation of the Superior Court's discretionary power to revoke probation comports with prior decisions of this Court, which have consistently accorded the trial courts wide latitude in probationary matters.[4] *See generally Brown v. State,* Del.Supr., 249 A.2d 269 (1968). Therefore, we find no support for Williams' position under any reasonable explication of the pertinent statutory authority.

Moreover, Williams' arguments, if successful, would erode the public policies underlying 11 *Del.C.* §§ 4301 and 4333. Williams' ignores the fact that the Superior Court was unaware of the defendant's continuing acts of misconduct at the time it sentenced him upon the robbery/conspiracy convictions. Thus, it is undisputed that the trial court acted upon inaccurate and untimely information when it suspended the defendant's incarceration on July 25, 1986. Williams certainly made no effort to disclose his criminal conduct of the previous day, July 24. We have no doubt that Williams was aware of the materiality of this information to the sentencing judge. If anything, he was highly motivated to conceal his most recent criminal behavior from the court. Thus, it is clear that the Superior Court suspended Williams' term of incarceration without full knowledge of the defendant's record.

Probation is an "act of grace."[5] It should only be granted when the predicate considerations of public safety and rehabilitative potential have been met. Williams' recurring displays of recidivism indicate that he is an inappropriate candidate for probation, and he cannot seriously complain that his probationary term has been inequitably terminated. Under these circumstances the revocation of probation and imposition of a prison sentence consistent with the original offense is fully warranted.

The judgment of the Superior Court is AFFIRMED.

---

suspension of sentence may not be more than 1 year. Probation or suspension of sentence may be terminated by the court at any time and upon such termination or upon termination by expiration of the term, an order to this effect shall be entered by the court.

4. Significantly, in his brief Williams appears to acknowledge the plenary authority of the Supe-

rior Court regarding probationary matters, as his reliance upon the statutory language of § 4333 implicitly recognizes the trial court's broad discretion in terminating probationary sentences.

5. *See Brown v. State,* 249 A.2d at 271.