**Anthony P. ENRIQUEZ, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–2808.**

Court of Appeals of Alaska.

Nov. 3, 1989.

Kevin McCoy, Asst. Public Defender, Kenai and John B. Salemi, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Anthony P. Enriquez was convicted for misconduct involving weapons in the first degree in violation of AS 11.61.200(a)(1). On April 15, 1988, Superior Court Judge James A. Hanson sentenced Enriquez to two years' imprisonment with one year suspended, to be followed by five years' proba-

---

tion. Judge Hanson ordered Enriquez to report to serve his term on August 1, 1988. Pending incarceration, Enriquez was released on certain conditions, including a restriction on the use of controlled substances. On July 5, 1988, Enriquez submitted a urine sample that tested positive for cocaine. The state filed a motion to impose the suspended sentence.

On August 11, 1988, another hearing was held. Enriquez did not deny the incident but argued that a revocation of his probation would be inappropriate. He contended that a revocation based on conduct which occurred before his probation began would result in an unlawful extension of the period of probation. The state responded to this argument by pointing out that it had not asked the court to revoke probation but only to impose the suspended sentence. Judge Hanson agreed with the state and indicated he would change the sentence. He resentenced Enriquez to two years' imprisonment with six months suspended, also to be followed by five years' probation. This appeal followed. We affirm.

Enriquez bases his argument on AS 12.-55.090(c), which limits the total period of probation to five years, and the case of *United States v. Dick,* 773 F.2d 937 (7th Cir.1985). In 1981, Dick was convicted for extortion and sentenced to one year's imprisonment, to be followed by five years' probation. Dick's sentence was stayed pending appeal and he was released on appeal bond. While out on appeal, Dick committed rape and kidnapping offenses for which he was later convicted. The court which had sentenced Dick for the extortion offenses granted the state's motion to revoke probation. *Id.* at 938–39.

Dick appealed and the Seventh Circuit Court of Appeals reversed, based in part on its interpretation of 18 U.S.C. § 3651 which limits probation to a five-year period. The appellate court concluded that revoking probation for conduct taking place before the probation period began was an unlawful extension of the five-year limit on probation. The court explained that if defendants were held accountable for violations of the law occurring during the period of time they were free on appeal bond, then defendants would be at risk for probation violations at varying periods of time, depending on how long their appeals took. The court ruled that such an extension was unacceptable. *Id.* at 943–44.

Enriquez argues that, like Dick, his probationary period has been extended beyond the five-year limit. There is a serious problem with his argument. *Dick* was overruled by the Seventh Circuit in *United States v. Yancey,* 827 F.2d 83, 84 (7th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988). The *Yancey* court examined the application of section 3651 together with section 3653 which provides that *"[a]t any time within the probation period,* the probation officer may for cause arrest the probationer … [and t]hereupon the court may revoke the probation."* (emphasis added.) The court agreed with *Dick* that a literal reading of sections 3653 and 3651 would limit judicial power to revoke probation to the probation period. *Id.* at 86. The court, however, was convinced by the Third Circuit that the statutes should be interpreted more broadly in light of their general purposes. *Id.* at 87–88. *See United States v. Veatch,* 792 F.2d 48 (3d Cir.1986), *cert. denied,* 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986).

Regarding the five-year limit on the term of probation, the *Yancey* court conceded that a convict was, in effect, "on probation" for more than five years. The court noted, though, that the legislature apparently did not believe it to be inconsistent to limit the term of probation to five years while allowing revocation at any time. The court concluded that *Dick* had construed the probation statutes too narrowly. It expressly overruled *Dick* and held that the Probation Act did not preclude a court from revoking probation for a preprobation offense. 827 F.2d at 88.

In Alaska, when the accused has engaged in "criminal practices,"[1] the sentenc-

---

1. AS 12.55.085(b) provides:

At any time during the probationary term of the person released on probation, a proba-

ing court has the authority to revoke probation, even when the probationary term has not yet commenced. *Benboe v. State,* 738 P.2d 356, 359–60 (Alaska App.1987). *See also Wozniak v. State,* 584 P.2d 1147, 1148 (Alaska 1978); *Betzner v. State,* 768 P.2d 1150, 1154 (Alaska App.1989), *petition for hearing granted* (May 1, 1989); *Gant v. State,* 654 P.2d 1325, 1326–27 (Alaska App.1982).

In the trial court, Enriquez never contested that the state could prove that he had tested positive for cocaine or that he had possessed and used cocaine in violation of his conditions of release and in violation of law. Enriquez only argued that revocation of his probation would violate AS 12.-55.090(c). However, *Benboe,* 738 P.2d at 359, provides authority for revoking Enri-

quez's probation where the accused has engaged in "criminal practices." The overwhelming weight of federal and state authority is to the effect that revocation of probation before the probationary term begins does not impermissibly extend the term in violation of AS 12.55.090(c). We accordingly affirm the trial court's judgment imposing Enriquez's suspended sentence.

The sentence is AFFIRMED.

---

tion officer may, without warrant or other process, rearrest the person so placed in the officer's care and bring the person before the court, or the court may, in its discretion, issue a warrant for the rearrest of the person and may revoke and terminate the probation, if the interests of justice require, and if the court, in its judgment, has reason to believe that the person placed upon probation is violating the conditions of probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.