UNITED STATES of America, Plaintiff,

v.

**Martin J. DEMPSEY, et al.,**
**Defendants.**

**No. 89 CR 666.**

United States District Court,
N.D. Illinois, E.D.

March 1, 1990.

See also 740 F.Supp. 1299.

Thomas M. Durkin, Sheila Finnegan, Barry R. Elden, Asst. U.S. Attys., Chicago, Ill., for U.S.

Ann Tighe, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Chicago, Ill., for Martin Dempsey.

James R. Streicker, Matthew F. Kennelly, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Chicago, Ill., for James Nowak.

Donald Shine, Michael J. Daley, Nisen & Elliot, Chicago, Ill., for Charles Bergstrom.

James S. Montana, Jr., Susan G. Feibus, Chicago, Ill., for Bruce Mittlestadt.

Robert L. Byman, Thomas K. McQueen, Jenner & Block, Chicago, Ill., for Joel Fetchenhier.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Defendants have been indicted for allegedly engaging in various illegal trading practices in the soybean pit of the Chicago Board of Trade. Before the court are the motions of defendants Dempsey, Nowak, Bergstrom, Mittlestadt, Fetchenhier, and Ashman to suppress certain statements made to the FBI or to an Assistant United States Attorney. Defendants seek to suppress these potentially incriminating statements on the grounds that the statements were made involuntarily and that they were taken in violation of defendants' *Miranda* rights. In addition, those defendants who were visited by an Assistant United States Attorney argue that their statements should be suppressed because the Assistant U.S. Attorney violated Disciplinary Rule 7–104(a)(2) of the Illinois Code of Professional Responsibility. For the following reasons, these defendants are granted a hearing, pursuant to 18 U.S.C. § 3501, at which the court will hear evidence as to the voluntariness of defendants' statements and as to whether defendants' *Miranda* rights were violated. Defendants are not entitled to a hearing on the issue of whether the Assistant U.S. Attorney violated DR 7–104(a)(2), as the court finds that such a violation would not be grounds for suppression even if it were found to exist.

## I. VOLUNTARINESS OF STATEMENTS AND ALLEGED VIOLATIONS OF MIRANDA RIGHTS

The motions to suppress of defendants Dempsey, Nowak, Bergstrom, Mittlestadt, Fetchenhier, and Ashman all concern statements made by these defendants to representatives of the government on January 17th, 18th, or 19th of 1989. All defendants

were visited by an Assistant U.S. Attorney along with FBI agents, except Ashman, who was visited only by FBI agents. Each defendant was interviewed separately but the interviews were apparently conducted in the same way. Defendants' main objections to the government's tactics are the same—that the interviews were conducted late at night or early in the morning, and that defendants were coerced into making statements with threats of criminal penalties. All the defendants argue that the circumstances of the visits and these threats render their statements involuntary, and that the statements were improperly taken because the government failed to advise defendants of their constitutional rights, as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Some defendants also argue that their *Miranda* rights were violated because the government did not cease their interrogation after they asserted their right to counsel.

■■■ Under 18 U.S.C. § 3501, the court is to decide whether a confession was given voluntarily and is thus admissible in evidence. We will make such a determination after a hearing in which we will hear evidence on the voluntariness of the statements. At the hearing, we will also hear evidence on the issue of whether the statements were obtained in violation of the defendants' *Miranda* rights. A hearing is necessary on the voluntariness of the statements because, while "the ultimate issue of the voluntariness of a confession is a legal question," *United States v. Hawkins*, 823 F.2d 1020, 1022 (7th Cir.1987), we need to make various factual findings before reaching this ultimate issue. *See Miller v. Fenton*, 796 F.2d 598, 604 (3d Cir.1986). A hearing is necessary on the question of whether defendants' *Miranda* rights were violated because the issue of whether there was a "custodial interrogation, so that the *Miranda* warnings were required, is a mixed question of law and fact. *United States v. Hocking*, 860 F.2d 769, 772 (7th Cir.1988).

■■■ The hearings will proceed in the following manner. Defendants will each receive a separate hearing. Each side may call witnesses with knowledge of the circumstances surrounding the statements, except that the defendants may not call the Assistant United States Attorney who conducted the interviews. Whether a prosecuting attorney should be allowed to testify at a pretrial suppression hearing is within the informed discretion of the trial judge. *United States v. Johnston*, 690 F.2d 638, 646 (7th Cir.1982). We believe that in a suppression hearing, as at trial, a defendant should not be allowed to compel the testimony of a prosecuting attorney unless it can demonstrate a "compelling and legitimate need" for such testimony. *See United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir.1975); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir.1982).

■■ Defendants in this case would be unable to demonstrate a "compelling and legitimate need" for the testimony of the Assistant United States Attorney who interviewed them. Several other persons are available to testify as to the interviews and surrounding circumstances, including the FBI agents and defendants themselves. At their suppression hearings, defendants will not be allowed to call the Assistant United States Attorney. For a more detailed discussion of this issue, see Judge Hart's opinion of January 22, 1990, in the *Bailin* (Yen Pit) case. *United States v. Bailin*, No. 89 CR 668, slip op., 1990 WL 16435 (N.D.Ill. January 22, 1990).

## II. VIOLATIONS OF ETHICAL STANDARDS

■■ In addition to the arguments discussed in Part I of this opinion, all of these six defendants, except Ashman, argue that their statements should be suppressed because, in obtaining the statements, Assistant U.S. Attorney Raphaelson violated Disciplinary Rule 7–104(a)(2) of the Illinois Code of Professional Responsibility ("DR 7–104(a)(2)"). This rule prohibits an attorney from giving advice to a person who is not represented by an attorney, other than advice to secure counsel, if that person's interests are, or have a reasonable possibility of being, in conflict with the interests of

the attorney's client. DR 7–104(a)(2). Defendants contend that Assistant U.S. Attorney Raphaelson violated this rule by giving them, among other advice, the following pieces of legal advice: that they had committed felonies; that it was in their best interest to cooperate; and that if they did not cooperate they could face jail terms and forfeiture of all their assets. We decline to hold a hearing on, or to decide, whether Mr. Raphaelson violated DR 7–104(a)(2). We find that, even if such a violation did occur, it would not be grounds for suppressing defendants' statements. In Part I we decided to hold a hearing on the issues of the voluntariness of defendants' statements, and whether their *Miranda* rights were violated, because these issues required us to make certain factual determinations. A hearing on possible violations of the Illinois Code of Professional Conduct is not necessary because the only question we reach, the question of whether suppression is appropriate, is purely a question of law.

The law is unclear, particularly in the Seventh Circuit, on the question of whether a court should exercise its "supervisory powers" to suppress evidence gained through a violation of a disciplinary rule. Defendants have identified authority from other circuits which supports the suppression of evidence, in certain circumstances, where a disciplinary rule has been violated. *See United States v. Hammad*, 858 F.2d 834, 840–42 (2d Cir.1988); *United States v. Killian*, 639 F.2d 206, 210 (5th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). The government, however, has identified Seventh Circuit authority which suggests that a court should not exercise its supervisory power to remedy a violation of a disciplinary rule, because the supervisory power should only be exercised where the defendant's constitutional rights have been violated or where there has been a fraud committed on the court. *United States v. Cortina*, 630 F.2d 1207, 1216 (7th Cir.1980); *United States v. Chiavola*, 744 F.2d 1271, 1274 (7th Cir.1984); *United States v. Dick*, 773 F.2d 937, 942–43 (7th Cir.1985).

We do not need to express an opinion on whether suppression is generally appropriate, under Seventh Circuit law, where government attorneys violate a disciplinary rule. In accordance with Judge Shadur's decision in *United States v. Scarpelli*, 713 F.Supp. 1144, 1160–61 (N.D.Ill. 1989), we find that, if a disciplinary rule had been violated, and if suppression is an acceptable remedy, suppression would not be appropriate in this case. Even in those circuits where suppression of evidence is expressly authorized to remedy a violation of a disciplinary rule, the decision lies within the discretion of the district court. *See Hammad*, 858 F.2d at 840. In addition, suppression is inappropriate where the law governing the government's conduct is unsettled. *Id.* at 842; *Scarpelli*, 713 F.Supp. at 1161. While *Scarpelli* involved an FBI agent, as opposed to a government attorney, allegedly violating a disciplinary rule, Judge Shadur's primary reason for refusing to suppress the statements there was the fact that the law was unsettled. *Id.*

While we expressly decline to decide whether the government attorney violated DR 7–104(a)(2) in this case, we note that the law is unclear on whether his conduct violated this rule. There is some doubt as to whether DR 7–104(a)(2) even applies to government attorneys, because, while DR 7–104(a)(1) has been applied in criminal cases, DR 7–104(a)(2) has not. *But Cf. United States v. Springer*, 460 F.2d 1344, 1354 (7th Cir.1972). Suppression of defendants' statements in this case for the alleged ethical violation is inappropriate because there is no clear authority from any circuit, let alone the Seventh Circuit, prohibiting Mr. Raphaelson's conduct. We do not express an opinion on the propriety of the government's conduct in this case, which is apparently fairly common. We simply find that suppression would be inappropriate even if the government attorney were to be found to have violated DR 7–104(a)(2), so that defendants are not entitled to a hearing on this issue. The evidence produced at the hearing shall be confined to the issues of the voluntariness

of the defendants' statements and the alleged violations of their *Miranda* rights.

## III. CONCLUSION

The court grants defendants Dempsey, Nowak, Bergstrom, Mittlestadt, Fetchenhier, and Ashman a hearing at which the court will hear evidence on the voluntariness of their statements and on the question of whether the statements were obtained in violation of defendants' *Miranda* rights. Defendants may not call the Assistant U.S. Attorney as a witness at this hearing. Defendants are not entitled to a hearing on the question of whether the government attorney violated the Illinois Code of Professional Responsibility.