# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COREY LEWIS, | § | |
| | § | No. 407, 2014 |
| Defendant Below-<br>Appellant, | §<br>§ | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 1205001919 |
| | § | |
| Plaintiff Below-<br>Appellee. | §<br>§<br>§ | |

Submitted: April 29, 2015
Decided: May 26, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## *ORDER*

On this 26th day of May 2015, it appears to the Court that:

(1) Defendant-below/Appellant Corey Lewis appeals from a Superior Court order finding him in violation of probation. Lewis raises three claims on appeal. First, Lewis claims that his due process right to present a defense was violated when the trial court ruled certain evidence inadmissible at his violation of probation ("VOP") hearing. Second, Lewis claims that several continuances of his VOP hearing violated his due process right to a prompt hearing. Third, Lewis claims that the trial court's ruling excluding the aforementioned evidence was an abuse of discretion. We find no merit to these claims and affirm.

1

(2) On March 1, 2013, Wilmington Police Officer Robert Fox, Sergeant Ronald Muniz, and Corporal Aaron Metzner were working as members of the Wilmington Police Department's Firearms Task Force.[1] That day, Officer Fox was contacted by a confidential informant ("CI") who told him that two individuals were displaying firearms in the Southbridge community and that there was going to be an altercation. The CI also stated that one suspect, later identified as Lewis, was wearing a black Nike hooded sweat shirt and blue jeans with black and red sneakers. The officers proceeded toward Southbridge in an unmarked police vehicle.

(3) Upon arriving in Southbridge, the officers observed a small group of people that included Lewis. After noticing the unmarked police car, Lewis clutched his waistband and began walking west on B Street toward Townsend Street. Officer Fox and Sergeant Muniz then observed Lewis toss a black, L-shaped object on the ground. Because the officers believed the object to be a weapon, they arrested Lewis. The object was later determined to be a black 9-millimeter semiautomatic handgun with an extended magazine.

(4) Lewis, a convicted felon, was charged with Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon ("CCDW"). On March 15, 2013, Lewis was charged with violating his probation, which stemmed

---

[1] The Task Force's primary responsibility was investigating and arresting convicted felons in possession of firearms. Appellant's Op. Br. App. at A98.

from a 2012 conviction for Second Degree Robbery and Second Degree Carjacking, by, *inter alia*, possessing a firearm. The State subsequently entered a *nolle prosequi* on the firearm charges because the United States Department of Justice chose to pursue charges under a federal statute. The State, however, continued to pursue the VOP.

(5) Lewis's first scheduled VOP hearing on March 27, 2013, was continued because he was in federal custody pending trial in the district court. Lewis then requested that the rescheduled VOP hearing be continued pending disposition of the federal trial. The Superior Court granted this request and rescheduled the VOP hearing for June 19, 2013. Lewis was subsequently acquitted on the federal charges, and transferred back into State custody on March 7, 2014. The VOP hearing was continued several more times to ensure Lewis had counsel and to address a motion to dismiss for lack of a prompt hearing filed by Lewis, which was subsequently denied by the trial court.

(6) In April 2014, Lewis was released on bail pending his VOP hearing. On June 5, 2014, Lewis was arrested on an administrative warrant and charged with violating the terms of his probation by repeatedly violating his curfew. The Superior Court held a contested VOP hearing on June 25, 2014. During the VOP hearing, Lewis admitted the VOP related to the repeated curfew violations but disputed the

3

VOP related to possessing a firearm.

(7) The only witness called by the State during the VOP hearing was Officer Fox, who testified to the events leading up to Lewis's arrest. As part of his defense, Lewis called James Brose, his federal trial counsel, as a witness to testify as to why the jury found him not guilty in the federal case. The State objected to Lewis's attempts to solicit evidence regarding discussions Brose had with two jurors after Lewis's acquittal. The trial court sustained the objection. Lewis then asked Brose to summarize the federal trial testimony of Officer Fox, Sergeant Muniz, and Corporal Metzner. The State again objected, and the trial court expressed its concern that because Sergeant Muniz and Corporal Metzner were not present at the VOP hearing, the State would not have an opportunity to cross-examine them. Nevertheless, the court allowed Brose to provide a summary of the testimony provided by the three officers at the federal trial.

(8) Before giving his hearsay-based summary, Brose suggested to the trial court that the transcript of the three officers' federal testimony be admitted as evidence.[2] The trial court denied this request, reiterating its concerns regarding the State's inability to cross-examine the officers who testified at the federal trial. After hearing Brose's summary, the trial court continued the VOP hearing to July 2, 2014, so that

_____

[2] Lewis argued that there were inconsistences among the testimony of the three officers and that the federal transcript of their testimony should be admitted to highlight those inconsistences.

4

Sergeant Muniz and Corporal Metzner could be made available to testify live and be subject to cross-examination.

(9) Five days after the VOP hearing was continued, Lewis requested that the trial court reconsider its ruling denying the admittance of the federal trial transcript and Brose's testimony regarding his conversation with the federal jurors. At the July 2nd VOP hearing, the trial court issued a bench ruling denying Lewis's motion to reconsider, and found that Lewis had violated his probation by both continuously breaking curfew and by possessing a loaded firearm. This appeal followed.

(10) Lewis contends that the trial court's failure to admit the federal transcript and Brose's testimony infringed on his due process right to present a defense. He also contends that multiple delays of his VOP hearing violated his due process right to a prompt hearing.

(11) We review "Constitutional claims *de novo* to determine if the trial court committed an error of law."[3] "A defendant accused of violating probation 'is not entitled to a formal trial.'"[4] Rather, a defendant is only entitled to certain "minimum requirements of due process."[5] These minimum requirements are satisfied when the

---

[3] *Taylor v. State*, 822 A.2d 1052, 1055 (Del. 2003) (internal citations and quotation marks omitted).
[4] *Lopez v. State*, 2014 WL 2927347, at *2 (Del. June 25, 2014) (quoting *Philhower v. State*, 2005 WL 2475716, at *1 (Del. Aug. 22, 2005)).
[5] *Martini v. State*, 2007 WL 4463586, at *2 (Del. Dec. 21, 2007) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)).

accused is afforded a prompt hearing and: (1) "Written notice of the alleged violation," (2) "Disclosure of the evidence against the person," (3) "An opportunity to appear and to present evidence in the person's own behalf," (4) "The opportunity to question adverse witnesses," and (5) "Notice of the person's right to retain counsel . . . ."[6]

(12) Lewis's due process claims are without merit. The record shows that he was provided a full opportunity to present a defense at the VOP hearing. He was permitted to present evidence and call as many relevant witnesses as he wished. He was also provided the opportunity to cross-examine the State's sole witness, Officer Fox. Moreover, after excluding the federal transcript and Brose's testimony, the trial court continued the VOP hearing specifically for the purpose of allowing Lewis to subpoena Sergeant Muniz and Corporal Metzner to testify live. And while Brose was not permitted to testify as to his discussions with jurors in the federal case, the trial court did allow him to provide a summary of the three officers' federal testimony.[7]

(13) Similarly, although the trial court did not permit the entire transcript of the officers' federal testimony to be admitted, he allowed Lewis to read some portions of the transcript into the record to point out inconsistencies in Sergeant Muniz's

---

[6] Super. Ct. Crim. R. 32.1.

[7] *See* Appellant's Op. Br. App. at 110-11.

6

testimony.[8]  Thus, the Superior Court did not bar Lewis from using the federal trial transcript in its entirety.  It appears from the record that when Lewis pointed to specific aspects of the transcript that were relevant for evidentiary or impeachment purposes, the Superior Court was receptive to and did admit that evidence.  But the Superior Court had no obligation to allow Lewis to dump the entire federal transcript into the VOP proceedings, and make it a part of the record, which is what Lewis argues was required.  We note that on appeal, Lewis has failed to identify any specific portions of the transcript that would have supported his defense that were not admitted before the Superior Court.  Rather, he simply hews to his contention that it was an error for the Superior Court to use its discretion not to allow the transcript in its entirety to be entered into the record.  Based on these facts, we find that Lewis's right to present a defense was not violated.

(14) We also find that Lewis was not denied his right to a prompt hearing.  Lewis's first VOP hearing was set for March 2013.  When Lewis was transferred into federal custody, the trial court continued the hearing until May 2013.  In April 2013, Lewis requested a continuance due to his pending federal charges.  Once Lewis was returned to State custody, a VOP hearing was promptly scheduled, and all further continuances were at the request of Lewis or resulted from the court's desire to ensure

---

[8] *See* Appellant's Op. Br. App. at 124-25.

7

Lewis was represented by counsel. Accordingly, Lewis's second due process claim fails.

(15) In his final claim, Lewis argues that the trial court abused its discretion by excluding the federal trial transcript and Brose's testimony. In effect, Lewis contends that because hearsay is admissible at a VOP hearing, the trial court was obligated to indiscriminately admit both pieces of evidence.

(16) The structure of a VOP hearing is subject to an exercise of broad discretion.[9] Due to the informal nature of VOP hearings, "the rules of evidence . . . are relaxed . . . and hearsay evidence is admissible."[10] A trial court, however, is not required to admit all hearsay evidence merely because it is offered by a party.

(17) Here, the trial court acted within its discretion in excluding Lewis's offered hearsay evidence. After hearing the parties arguments on the issue, the trial court found that the live testimony of the officers would be more probative than the federal trial transcript and would allow the State an opportunity to cross-examine the absent officers. Additionally, the trial court found that Brose's testimony pertaining to his conversations with federal jurors had "little or no indicia of its reliability,"[11] and would not be helpful to the court in reaching a fair decision. We find no error in

---

[9] *See Williams v. State*, 560 A.2d 1012, 1015 (Del.1989); *Brown v. State*, 249 A.2d 269, 271 (Del.1968).

[10] *Collins v. State*, 897 A.2d 159, 160 (Del. 2006).

[11] Appellant's Op. Br. App. at A122.

the trial court's reasoning or its conclusion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED**.

BY THE COURT:

_____
Justice