# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
        Plaintiff, )
)
)    Cr. ID No. 1305018893
)
KEVIN H. BOONE, )
)
        Defendant. )
)

Submitted: June 10, 2019
Decided: September 4, 2019


## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED


Abigail Rodgers Layton, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin H. Boone, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*


PARKER, Commissioner

This 4th day of September 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.  In December 2013, Defendant Kevin H. Boone pled guilty to one count of dealing in child pornography and three counts of possession of child pornography. Boone was sentenced to a total period of twenty-four years at Level V incarceration, to be suspended after serving three years in prison for three years at decreasing levels of probation. Special conditions of his probation included no unsupervised contact with minors under 18 years of age and he was prohibited from internet access.

2.  Boone did not file a direct appeal to the Delaware Supreme Court.

3.  On December 20, 2017, Boone was found in violation of his probation. Specifically, the alleged misconduct included that Boone made contact with a minor via a personal ad posted on the website Craigslist, had contact with a fourteen-year-old male minor, traveled out of state with him, and that they engaged in sexual activity in both Delaware and Pennsylvania in September and October in 2017.[1]

4.  Without details or admissions regarding the alleged sexual conduct, Boone admitted that he made contact with a minor and that he had accessed the internet-

---

[1] See, Superior Court Docket No. 22- April 17, 2018 Order denying Boone's motion for reduction of sentence.

1

both in violation of his sentence. Upon Boone's admissions, he was found in violation of his probation.[2]

5. The Superior Court sentenced Boone to the remaining twelve years at Level V on the Dealing in Child Pornography, to be suspended upon Boone's successful completion of the Transitions Sex Offender Program, followed by two and a half years at decreasing levels of supervision.

6. Boone did not file a direct appeal of the VOP adjudication and/or sentence to the Delaware Supreme Court.

7. In February 2018, Boone filed a motion for reduction of sentence, which the Superior Court denied.[3] Boone did not appeal.

8. In May 2018, Boone filed a motion for correction of sentence, claiming that his VOP sentence was illegal. The Superior Court denied his motion.[4] The Superior Court held that Boone's sentence did not exceed the statutory maximum, did not implicate double jeopardy, and was neither ambiguous nor contradictory. The Superior Court stated that its determination that Boone breached the conditions of his probation was based on his own admission. No aggravating factors were

---

[2] See, Superior Court Docket No. 25- May 30, 2018 Order denying Boone's motion for correction of illegal sentence.
[3] See, Superior Court Docket No. 22- April 17, 2018 Order denying Boone's motion for reduction of sentence.
[4] See, Superior Court Docket No. 25- May 30, 2018 Order denying Boone's motion for correction of illegal sentence.

2

considered nor were they needed to be considered to impose the sentence in this matter.[5]

9.     Boone appealed the denial of his motion claiming that his VOP sentence was illegal to the Delaware Supreme Court. On October 9, 2018, the Delaware Supreme Court found Boone's appeal to be without merit and affirmed the judgment of the Superior Court.[6]

10.     The Delaware Supreme Court stated that in sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[7] In this case, the Superior Court reimposed the Level V time remaining from Boone's original sentence, but ordered it to be suspended upon Boone's successful completion of the Transitions Program for decreasing levels of supervision.[8] Under the circumstances, the sentence was authorized by law, was neither arbitrary nor excessive, and does not reflect any evidence of a closed mind by the sentencing judge.[9]

---

[5] See, Superior Court Docket No. 25- May 30, 2018 Order denying Boone's motion for correction of illegal sentence, at pg. 4.
[6] *Boone v. State*, 2018 WL 4908383 (Del.).
[7] *Boone v. State*, 2018 WL 4908383, *1 (Del.).
[8] *Id.*
[9] *Id.*

11. Boone also filed a federal action, pursuant to 42 U.S.C. §1983. By Order dated April 24, 2019, the United States District Court for the District of Delaware dismissed Boone's federal action as legally frivolous and without merit.[10]

12. In the federal action, Boone complained, among other things, that the bedroom of his brother was unlawfully searched when Boone was arrested on November 30, 2017.[11] The federal court noted that Boone's brother was not a party to the federal action and that Boone did not have standing to raise claims on his brother's behalf. Boone had not contended that he was personally injured as a result of the search of his brother's bedroom nor was there any allegation that his brother was not able to pursue his own claim if his brother desired to do so. This claim was deemed to be without merit.[12]

13. Another claim raised in the federal action was that the probation officer Leo Matkins committed perjury when he testified at Boone's probation violation hearing that Boone was a "high risk to reoffend" and not a "moderate risk to reoffend" or a "moderate high risk to reoffend".[13]

---

[10] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300 (D.Del. 2019).

[11] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300, * 1-4 (D.Del. 2019).

[12] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300, *1-4 (D.Del. 2019).

[13] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300, 1-4 (D.Del. 2019).

14. The federal court held that regardless of the interpretation of the risk assessment, the probation officer was immune from suit since witnesses are immune from §1983 liability where the claim is based on allegations of perjury either at trial or during pretrial proceedings. This claim was dismissed by the federal court.[14]

15. On May 6, 2019, Boone filed a Petition for a Writ of Habeas Corpus in the Superior Court.[15] By Order dated May 9, 2019, the Petition was denied by the Superior Court. The Superior Court held that Boone was legally detained.[16]

16. Boone also filed a Petition for a Writ of Mandamus with the Delaware Supreme Court seeking an Order that his 2017 VOP sentence was illegal. The Delaware Supreme Court dismissed Boone's petition.[17] The Delaware Supreme court held that there was no basis for the issuance of a writ of mandamus in this case because Boone had an adequate legal remedy. He could have appealed his VOP, but did not do so.[18] The Delaware Supreme Court ruled that a petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal.[19]

---

[14] *Boone v. Probation and Parole of New Castle County, et al.,* 2019 WL 1792300, *1-4 (D.Del. 2019).

[15] Superior Court Docket No. 42- Petition for Writ of Habeas Corpus.

[16] Superior Court Docket No. 45- May 9 2019 Order denying the Petition for Writ of Habeas Corpus.

[17] *In the Matter of the Petition of Keven Henry Boone for a Writ of Mandamus,* 2019 WL 3451809 (Del.).

[18] *In the Matter of the Petition of Keven Henry Boone for a Writ of Mandamus,* 2019 WL 3451809, * 1 (Del.).

[19] *Id.*

## BOONE'S RULE 61 MOTION

17. On November 1, 2018, Boone filed the subject Rule 61 motion.

18. In the subject motion, Boone raises five claims:

(1) that the State committed prosecutorial misconduct in the admission of inadmissible evidence to the grand jury and petit jury in the event of a trial;

(2) that the sentence imposed was illegal at sentencing and again at the VOP hearing;

(3) that counsel at the VOP hearing provided ineffective assistance for not raising mitigating factors at the VOP hearing;

(4) that the bedroom of Boone's brother was unlawfully searched when Boone was arrested on November 30, 2017; and

(5) that Probation Officer Leo Mathias made dishonest statements and committed perjury at the violation of probation hearing on December 20, 2017 by stating Boone was a high risk to re-offend rather than a moderate risk to re-offend.

19. Boone sought the appointment of counsel to assist with his Rule 61 motion and for transcripts of his final case review and sentencing in 2013.

20. Boone's request for the appointment of counsel and for the transcripts of his final case review on December 2, 2013, and his sentencing on December 12, 2013

6

were denied.[20] In denying the request for transcripts, this court noted that the subject Rule 61 motion was filed on November 1, 2018, about five years after sentencing. Any claim regarding Boone's original sentence would be untimely. In addition, the Delaware Supreme Court has already held that the sentence imposed was proper.[21]

21. Before making a recommendation, the record was enlarged and Boone's trial counsel was directed to submit an Affidavit responding to Boone's ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion. Boone was given the opportunity to file a reply thereto.[22]

22. Each of Boone's claims will be addressed in turn.

### Claim One: Prosecutorial Misconduct

23. Boone first claims that the Sate committed prosecutorial misconduct in the admission of inadmissible evidence to the grand jury and to the petit jury if he went to trial. Boone contends that the police seized but failed to properly log or process evidence.

24. Any claim regarding the suppression of evidence was waived when Boone entered a guilty plea in this matter. It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors, deficiencies or defects

---

[20] See, Superior Court Docket No. 38- February 6, 2019 Order denying counsel and transcripts and setting a briefing schedule.
[21] *Boone v. State,* 2018 WL 4908383 (Del.).
[22] Super.Ct.Crim.R. 61(g).

occurring before the entry of the plea.[23] By pleading guilty, Boone waived his right to challenge the sufficiency and/or legality of the evidence. This claim was waived when Boone entered into his guilty plea in this matter.

25. This claim is also procedurally barred. Boone pled guilty in this matter in December 2013. He was required to raise this claim on direct appeal, if he truly believed it had any merit. He failed to do so.

26. Boone did not raise this claim on direct appeal nor in a timely filed Rule 61 motion. In fact, Boone raised this claim for the first time in November 2018, almost five years after his conviction became final. This claim, at this late date, is time-barred.[24]

27. Superior Court Criminal Rule 61(i)(3) further prevents this court from considering this claim since Boone was required to raise it on direct appeal or in a timely filed postconviction motion. Boone was aware of, had time to, and the opportunity to timely raise this claim in a timely manner but failed to do so.

28. This claim at this late juncture was waived at the time of the entry of the plea. It is also untimely and otherwise procedurally barred.

---

[23] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004), *Mills v. State,* 2016 WL 97494, at *3 (Del.).

[24] To be timely, a direct appeal must be taken within 30 days after a sentence is imposed. See, Supreme Court Rule 6(a)(iii). To be timely, a Rule 61 motion for postconviction relief must be filed within one year of a final order of conviction. See, Superior Court Criminal Rule 61(i)(1).

## Claim Two: Illegal Sentence Imposed by Sentencing Judge

29. Boone claims that he was subject to illegal sentences during the original sentence in 2013, and at the VOP hearing in December 2017.

30. An illegal-sentence claim is not cognizable in a Rule 61 motion for postconviction relief. An illegal-sentence claim falls outside the scope of Rule 61. A Rule 61 motion is only available to those seeking to set aside a judgment of conviction or a sentence of death, and only where there is a sufficient factual and legal basis for a collateral attack on the conviction or capital sentence.[25] An illegal-sentence claim, which seeks to attack the sentence but does not seek to set aside the underlying conviction, is outside the scope of a Rule 61 motion. This claim is therefore denied as not cognizable under Rule 61.

31. An illegal-sentence claim is to be raised not in a Rule 61 motion but instead by way of a Superior Court Criminal Rule 35(a) motion for correction of an illegal sentence.

32. In this case, Boone had already filed a Rule 35(a) motion for correction of an illegal sentence. The Superior Court already denied his motion finding it to be without merit.[26] The Delaware Supreme Court, on appeal, affirmed the denial of

---

[25] See, Superior Court Criminal Rule 61(a)(1).
[26] See, Superior Court Docket No. 25- May 30, 2018 Order denying Boone's motion for correction of illegal sentence.

Boone's motion.[27] After a full consideration of Boone's claims of an illegal sentence, the Delaware Supreme Court held that Boone's sentence was authorized by law, was neither arbitrary nor excessive, and did not reflect any evidence of a closed mind by the sentencing judge.[28]

33.     Boone's illegal-sentence claim is not cognizable in a Rule 61 motion. To the extent that it was, this claim would be procedurally barred by Superior Court Criminal Rule 61(i)(4), since it was already formally adjudicated and Boone's sentence was already held to be proper.

### Claim Three: Ineffective Assistance of Counsel at VOP Hearing

34.     Boone claims that his VOP counsel was ineffective in failing to attempt to persuade the sentencing judge to follow the sentencing guidelines of one level higher than the level violated and counsel failed to mention any mitigating factors such as loss of employment, or the need for treatment outweighing jail time, at sentencing.

35.     In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[29] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably

[27] *Boone v. State,* 2018 WL 4908383 (Del.).
[28] *Boone v. State,* 2018 WL 4908383, *1 (Del.).
[29] *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984).

10

competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[30]

36.     Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[31]

37.     Boone has failed to show that VOP counsel's representation fell below an objective standard of reasonableness or that Boone suffered any actual prejudice as a result thereof.

38.     In his Affidavit in response to Boone's Rule 61 motion, counsel represents that he did not believe that anything he said would persuade the court to sentence Boone to a one level higher probation level. Counsel did not believe that mentioning that Boone was working or should receive treatment in the community rather than in prison would have been helpful or persuasive under the circumstances of this case.[32]

39.     It is well established that probation is an act of grace and that the sentencing judge has broad discretionary power when deciding whether or not to revoke

---

[30] *Id.* at 687-88, 694.
[31] *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003); *Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[32] Superior Court Docket No. 41- Affidavit of VOP counsel in response to Boone's Rule 61 motion.

11

probation.[33] Once a probationer violates the terms of his probation, the Superior Court has the authority to require the probationer to serve the full sentence imposed or any lesser sentence.[34]

40. In the subject matter, the Superior Court stated that its sentence was based on Boone's own admission that he had contact with a minor and that he had accessed the internet- both in violation of his probation.[35]

41. At the VOP hearing, the court noted that eight years before the VOP hearing, Boone had been charged with 29 counts of using a computer to unlawfully depict children engaging in prohibited sex acts.[36] Boone was found delinquent on one count of child pornography. Then, on May 23, 2013, this underlying case, Boone was charged with 25 counts of dealing in child pornography and one count of a sexual offense, unlawful sexual contact with a child less than 12 years of age. Boone was convicted of three counts of possession of child pornography and one count of child pornography. During the probationary period of this case, Boone participated in a sex offender program through Connections. While on probation, Boone admittedly had contact with a minor and accessed the internet. This is Boone's third

---

[33] *Johnson v. State*, 2013 WL 543908, at *1-2 (Del.); *Williams v. State*, 560 A.2d 1012, 1015 (Del. 1989).
[34] *Id.*
[35] Superior Court Docket No. 25- May 30, 2018 Order denying Boone's motion for correction of illegal sentence.
[36] VOP Transcript dated December 20, 2017, at *8-10.

12

arrest in seven years for child-related offenses. Based on Boone's own admissions, it is apparent that the community-based program Connections was not enough.[37]

42. At the VOP hearing, it was noted that Boone was employed and working in Maryland.[38]

43. Give all the facts and circumstances of this case, any additional mention by VOP counsel of loss of employment (which the court already knew) and remaining out in the community for treatment (which had already proven to be ineffective and insufficient) does not appear that it would not have changed the outcome of the VOP sentence in any respect.

44. Boone has failed to meet his burden to establish that VOP counsel's conduct was deficient in any regard and he has failed to establish actual prejudice as a result of any alleged deficiency. Boone's ineffective assistance of counsel claim is without merit.

**Claim Four: Illegal Search and Seizure of Boone's Brother's Room**

45. In Claim Four, Boone contends that there was an illegal search and seizure of his brother's room when he was arrested on November 30, 2017.

46. Boone already raised this issue in his federal action.[39]

---

[37] VOP Transcript dated December 20, 2017, at *8-10.
[38] VOP Transcript dated December 20, 2017, at *17.
[39] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300 (D.Del. 2019).

47. In the federal action, Boone claimed that the bedroom of his brother was unlawfully searched when Boone was arrested on November 30, 2017. The federal court noted that Boone's brother was not a party to the lawsuit, and that Boone did not have standing to raise claims on his brother's behalf. There was no allegation that Boone was personally injured as a result of the search of his brother's bedroom.[40]

48. Boone again raises this same claim in this Rule 61 motion. Again Boone claims that his brother's room was illegally searched. As the federal court noted, Boone does not have standing to raise claims on his brother's behalf. Boone does not contend that he was personally injured as a result of the search of his brother's room.

49. This claim is procedurally barred by Superior Court Criminal Rule 61(i)(4) on the basis that it has been previously adjudicated, and it is also without merit.

**Claim Five: Bias and Dishonest Statements Made at VOP Hearing**

50. Boone's final claim is that the Probation Officer Leo Matkins committed perjury by telling the court that Boone had been evaluated by Connections as a "high risk to re-offend" rather than a "moderate risk to re-offend."

---

[40] *Boone v. Probation and Parole of New Castle County, et al.*, 2019 WL 1792300, *1-4 (D.Del. 2019).

14

51. First, this claim is procedurally barred. Boone was required to raise this claim on direct appeal from the VOP hearing.[41] He failed to do so. This claim is now barred by Rule 61(i)(3).

52. For the sake of completeness, it is noted that the Probation Report provided that the recommendation of the probation officer and the Connections treatment team was that Boone complete the Transitions program at Level V in its entirety. The report went on to note that on Boone's Connections assessment on September 10, 2015, he was administered three risk/need assessments: the Stable, the ISORA and the Acute. His scores on all three indicated he was High Risk.[42]

53. At the VOP hearing, Probation Officer Matkins testified consistently with the VOP report.[43]

54. The court noted that Boone was participating in a sex offender program through Connections and that it was apparent that this program was not enough. Boone was having contact with minors in violation of the Sentencing Order and was also accessing the internet in violation of the Sentencing Order. Based on these facts the court sentenced Boone on the VOP to Level V for a period of 12 years, suspended after completion of the Transitions Program.[44]

---

[41] See, *Smith v. State,* 2019 WL 1976054, *2 (Del.)(alleged errors that occurred at VOP proceedings are to be raised on direct appeal from the VOP Order).
[42] See, Violation Report dated December 19, 2017.
[43] December 20, 2017 VOP Transcript, at pgs. 7-8.
[44] December 20, 2017 VOP Transcript, at pgs. 14-16.

55.     Once Boone committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Boone's sentence. Whatever risk "high" or "moderate" Boone was deemed during his initial assessment does not change the fact that both the Probation Officer and Connections were recommending that Boone be sentenced on the VOP to the completion of the Transitions Program at Level V.

56.     Boone has not established any actual prejudice even if he was initially deemed a "moderate risk" rather than a "high risk" by Connections. This claim is without merit.

For all of the foregoing reasons, Boone's motion for postconviction relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

cc:     Prothonotary
         James O. Turner, Jr., Esquire

16